## HARDEBECK v. HAMILTON et al.

(Court of Appeals of District of Columbia. Submitted October 8, 1920. Decided November 8, 1920.)

No. 3359.

Landlord and tenant ⚖=94(4)—Delivery of notice to quit to tenant's wife, who delivered to tenant at landlord's request, sufficient personal service.

    Where a landlord delivered a notice to quit to the tenant's wife, with request that she deliver it to the tenant, which she agreed to do and did do, there was sufficient service to comply with Code of Law 1901, § 1223, which requires personal service, but does not specify by whom the service shall be made, since the notice was personally served on the tenant by his wife.

Appeal from the Supreme Court of the District of Columbia.

Action by Richard E. Hamilton and another against E. G. Hardebeck. Judgment for plaintiffs, and defendant appeals. Affirmed.

F. J. Rice, of Washington, D. C. (Bell, Marshall & Rice, of Washington, D. C., on the brief), for appellant.

Geo. E. Hamilton and J. J. Hamilton, both of Washington, D. C., (Edmund Brady, of Washington, D. C., on the brief), for appellees.

SMYTH, Chief Justice. Hardebeck was in possession as tenant of a house which the Hamiltons desired. They, claiming to be the owners

of it and entitled to its possession, commenced action to oust Hardebeck. From a judgment in their favor, Hardebeck appeals.

The only question argued is one affecting the sufficiency of the service of the notice to quit. Richard E. Hamilton went to the premises for the purpose of making the service. He found Mrs. Hardebeck there. She informed him that her husband was not at home, and that she did not know when he would be. Hamilton left the notice with her, and asked her to deliver it to her husband when he returned. This she did, according to the admission of her husband. Was this service sufficient?

The Code provides that—

"Every notice to the tenant to quit shall be served upon him personally, if he can be found, and if he can not be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises," etc. Section 1223.

There is nothing in this which requires that the landlord in person, or an officer, shall make the service. It may be made by any person acting for the landlord. In this case the wife, at the request of the landlord, handed the notice to the tenant, and thus he was personally served with it. The same exactness is not required in the serving of such a notice as in the serving of a summons or subpœna, where the Code points out by whom and how the service shall be made. Wilson v. Trenton, 53 N. J. Law, 645, 23 Atl. 278, 16 L. R. A. 200; Ewing v. O'Malley, 108 Mo. App. 117, 82 S. W. 1087. They must be served officially, because the statute requires it; but, in the case of a notice to quit, service by any person is enough, so long as the tenant receives the notice in time to allow him the statutory period to vacate.

We find nothing to the contrary in the cases cited by appellant. They say in effect that service of a notice not made in accordance with the statute, even though the notice subsequently reaches the defendant, is invalid. We may grant that, but here the service was made just as the statute requires.

The judgment is affirmed, with costs.

Affirmed.