[Civ. No. 713. Fourth Appellate District.—June 17, 1931.]

LAURA E. PENN, Appellant, v. ELIZABETH DYBA et al., Defendants; E. A. HILL, Respondent.

J. Everett Brown for Appellant.

Adolph B. Rosenfield for Respondent.

JENNINGS, J.—Plaintiff appeals from a judgment in favor of defendants.

Upon conclusion of the trial of the issues herein presented, the court found that defendant Elizabeth Dyba was the owner of the real property, title to which is in dispute and that she owned it subject to a mortgage lien of E. A. Hill and to the lien of a deed of trust held by Mox, Inc., which the court found was subordinate to the mortgage lien of E. A. Hill. Judgment was entered accordingly. No brief has been filed on behalf of Elizabeth Dyba or Mox, Inc., and for the sake of convenience E. A. Hill, in whose behalf a brief has been filed, will be styled respondent and Elizabeth Dyba and Mox, Inc., will be referred to as defendants.

Appellant was the grantee in a deed executed by the city treasurer of the city of Los Angeles, in pursuance of a sale made by him to satisfy a street improvement bond issued upon an assessment for the improvement of a street. The complaint alleged a cause of action to quiet title. The defendants Elizabeth Dyba, Fidelity Mortgage Corporation and Mox, Incorporated, appeared and answered, claiming

an interest in each defendant superior and adverse to that of plaintiff. Respondent E. A. Hill answered denying that appellant was owner of the property and alleging ownership of a mortgage executed by defendant Elizabeth Dyba to respondent as mortgagee, which it was alleged created a lien right in respondent superior to the claim of appellant.

During the trial appellant introduced in evidence the deed executed to her as grantee by the city treasurer of the city of Los Angeles and rested her case. Evidence was then introduced on behalf of respondent and his co-defendants and at the conclusion of the trial the court made its findings and conclusions of law and rendered its judgment as above indicated in favor of respondent's claim of a mortgage lien superior to plaintiff's alleged ownership of the fee.

Appellant makes four contentions: 1st, that the findings are not supported by the evidence; 2d, that there is an irreconcilable conflict in the findings; 3d, that the decision of the trial court is contrary to law, and 4th, that the court erred in admitting certain evidence over appellant's objection.

It is first contended that the court's finding that Elizabeth Dyba is the owner and entitled to possession of the real property, title to which is alleged to be in appellant, is not supported by the evidence. During the trial of the action, no documentary evidence showing title in defendant Elizabeth Dyba was submitted. The only direct evidence relating to this feature of the case consists of the oral testimony of the witness Gustav Mox who testified that the defendant Elizabeth Dyba held title for the builder of the house on the premises; that the property was sold to one Fix in 1926 and that Fix sold it back to Elizabeth Dyba in December, 1926; that in July, 1927, Elizabeth Dyba deeded the property to one Wasson. This rather vague and uncertain testimony relative to the title of defendant Elizabeth Dyba is to some extent supported by a certain mortgage admitted in evidence executed on June 25, 1925, by Elizabeth Dyba who covenanted that she then had title in fee to the premises which are the subject of the present action. This mortgage by successive assignments finally became the property of respondent and furnishes the basis for the court's finding that respondent had a lien on the property superior to appellant's alleged title to it. Adopt-

ing the contention of appellant that the evidence hereinabove set forth is insufficient to sustain the court's finding that the defendant Elizabeth Dyba is the owner of the property will not avail anything to appellant, for appellant instituted the present action claiming title in herself and seeking to quiet her title against the claims of defendants. The burden was therefore upon her to show title in herself and the assertion of an interest by another who has no title furnishes no ground of complaint. And it is a good defense to an action of this character to show no more than that the title of the one seeking to have it quieted is defective. (*Williams* v. *City of San Pedro etc. Co.*, 153 Cal. 44, 49 [94 Pac. 234]; *Kilfoil* v. *Warden*, 46 Cal. App. 502 [189 Pac. 303].) Therefore, if it be conceded that the court's finding that Elizabeth Dyba is the owner of the property is incorrect and lacking in evidentiary justification, nevertheless if appellant's title has been successfully attacked, the court's decision that appellant is not entitled to a decree quieting her title to the property is manifestly correct.

The first finding of fact wherein the court found that appellant is not the owner of the property is also attacked because it is argued that the deed from the city treasurer furnished *prima facie* evidence of title in appellant. Here, again, if it be conceded that the deed under which appellant claims was *prima facie* evidence of title in appellant, nevertheless if it appears by satisfactory evidence that appellant's title is defective, the court's finding is obviously correct. *Prima facie* evidence is not conclusive evidence.

Findings 3 and 4, wherein the court found that respondents and defendant Mox, Incorporated, have liens against the property by virtue of a mortgage executed by defendant Elizabeth Dyba and a trust deed executed by the same defendant in favor of Mox, Incorporated, are amply supported by the instruments themselves admitted in evidence by the trial court.

It is urged that finding No. 8, to the effect that no owner's name was mentioned in the certificate of sale issued to appellant, is error since the certificate itself shows that the property was assessed to "Unknown Owner". Authorities are cited by counsel for appellant holding that the certificate of a superintendent of streets that the ownership of

property subject to assessment is unknown to him is conclusive of the fact thus certified and that the necessity of a personal demand is thereby obviated. It may be conceded that appellant's contention that there was no necessity of personal demand is correct, but it does not follow therefrom that the court's finding that no owner's name was stated in the certificate was error. There was no contention that there was a necessity for a demand and the decision of the court is not based upon the failure to make a demand. It is obvious that no owner's name was mentioned in the certificate and that therefore the court's finding was literally true. Since the case was not tried on the theory that a personal demand upon the property owner was required and the failure to make a demand is not an element contributing to the court's decision, the finding complained of, if it is subject to the objection made, may be regarded as superfluous and its inclusion is harmless.

 Paragraph 9 of the court's findings is attacked as lacking evidentiary support. The important feature of this particular finding and the feature which is the object of attack by appellant consists of the statement that the notice of sale and the application for a deed which the court found was placed on the front door of the house on the premises was not affixed to the door in such fashion that it would remain thereon for a reasonable length of time and that it did not remain on the door for a reasonable time. The evidence respecting this feature consists of the testimony of C. P. Warden, who described in detail the manner in which he placed the notice to redeem on the front door of the premises and the testimony of three witnesses who testified to visits made by them to the premises during the thirty-day period preceding the execution of the deed to appellant by the city treasurer and to the fact that none of them saw upon the front door of the house the notice to redeem. The testimony of these witnesses, including that of the witness Warden, though it is to some extent vague and indefinite respecting visits made by them during the thirty-day period succeeding the placing of the notice to redeem on the door of the house, lends sufficient support to the finding in so far as it is a finding of fact. There is bound up in this finding the determination by the court of a legal conclusion

which is made the subject of a pronounced, separate objection by appellant which is hereinafter considered.

Complaint is also made that certain findings are irreconcilably conflicting. Close examination of the findings thus criticised discloses that the determination of this contention depends upon whether the trial court properly disposed of the principal legal problem presented in the case.

This problem, which is made the subject of vigorous argument by appellant, relates to the sufficiency of the posting of the notice to redeem by appellant and forms the basis of her separately stated contention that the court's decision is contrary to law. The Improvement Act of 1911 (Stats. 1911, p. 730), by virtue of whose provisions the proceedings were taken which finally resulted in the sale of the premises and the execution to appellant by the city treasurer of the city of Los Angeles of the deed on which appellant relies, provides in section 74 thereof that in case of unoccupied property a written notice stating that the property has been sold to satisfy the bond lien, date of sale, date, number and series of the bond, the amount due, and the time when the right of redemption will expire must be posted in a conspicuous place upon the property at least thirty days before the purchaser applies for a deed. It was the trial court's decision that the evidence relative to the placing of the notice to redeem by appellant failed to show that it had been properly posted as contemplated by statute. The word "post" is defined in Webster's New International Dictionary (1929) as follows: "To affix to a post (as esp. formerly, before a sheriff's office or in some other public place) wall, or other usual place for public notices; to placard, as to post a notice." The word 'affix' is thus defined in the same dictionary: "To fix or fasten in any way; to attach physically; as to affix a seal . . . to attach . . . " In 31 Cyc. 965, the word "posting", used as a verb, is defined thus: "To attach to a post, a wall, or other usual place of affixing public notices; to advertise; to bring to the notice, or attention of the public by affixing to a post." It is then obvious that having in mind particularly the sense in which the word is used in the statute, the principal object to be attained is to bring to the attention of the owner the fact that he will be divested of title within a limited period of time unless the amount specified in the notice is paid and

the property thus freed from the lien of the assessment. It is also to be borne in mind that we are here dealing with property assessed to an unknown owner and the statute is providing for a mode of conveying notice to such owner other than the usual method of personal service. In other words, it is a substitute for personal service and there should be strict and literal compliance with the statutory requirement. (Black on Tax Titles, 2d ed., p. 422, sec. 343.) The case of *Hindle* v. *Warden,* 50 Cal. App. 356 [195 Pac. 428], sufficiently illustrates the absolute and literal compliance with statutory requirements insisted upon by the courts in a case where service of a notice to redeem is permitted to be given by posting.

The evidence relative to posting the notice to redeem in the present action consisted solely of the testimony of a single witness, C. P. Warden, who described minutely and in detail the manner in which he placed the notice upon the front door of the house. It would unduly lengthen this opinion to incorporate in it the testimony of this witness. Suffice it to say, that the testimony shows that the witness fastened the notice to the door by means of pins which were stuck through the paper at one side of the notice and found lodgment in a narrow crevice between the wood of the door and a metal doorplate attached to it. The opposite edge of the notice was inserted in a crack between the door and the door jamb and no attempt was made to fasten it there by means of any device. If the object of the statute is the giving of notice and this central idea remains even when the owner is unknown and the information contained in the notice is permitted to be conveyed by the substituted method, then so flimsy and temporary an attachment as was here used should not be held to have attained the dignity of legal posting. The court's decision that the notice to redeem the property from the lien of the assessment bond was not posted in the manner contemplated by the statute was correct.

 Complaint is made that, over the objection of appellant, the court permitted the witness Mox to answer the following question: "Mr. Mox, did you go past that house quite frequently?" The question was most general and standing alone obviously subject to the objection of irrelevancy, incompetency and immateriality. An examination,

however, of the testimony that followed the answer shows that the question was purely preliminary and that the witness later testified that he went to the particular house involved in the action, that he described the portions of the house which he inspected and that on his various visits of inspection he did not see upon the property the notice to redeem which appellant maintained was placed on the front door of the house. No prejudicial error was committed in permitting the question to be answered.

For the reasons hereinabove set forth the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.