[Civ. No. 14666. Second Dist., Div. Two. Dec. 19, 1944.]

JACKSON DIGGS, Appellant, v. EL ROYALE CORPORATION (a Corporation) et al., Respondents.

George Acret for Appellant.

Martin Goldman for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in a declaratory relief action to have an option declared unrevoked, plaintiff appeals.

The essential facts are these:

On April 15, 1943, plaintiff and defendant El Royale Corporation entered into an option agreement whereby plaintiff was given the sole and exclusive right and option to purchase upon certain terms the El Royale Apartments owned by defendant corporation. This agreement contained among others the following provision:

"This option may be exercised only by written instrument signed by the Optionee or his heirs, executors, administrators or assigns, and delivered to an officer of El Royale Corporation, or to Martin Goldman, attorney for said Corporation, personally, or deposited in the United States mail by registered letter, postage prepaid, addressed to Martin Goldman, Attorney, 9000 Sunset Boulevard, Los Angeles, California, on or before the 1st day of May, 1944, provided, however, that the Management Agreement under date of 15th April, 1943, entered into between the El Royale Corporation and Jackson Diggs whereby said Jackson Diggs is employed by the El Royale Corporation as exclusive agent to rent and manage the El Royale Apartments, shall not have theretofore been cancelled, it being the understanding of the parties hereto that the within option shall cease and determine upon the posting of written notice of intention to cancel the aforesaid Management Agreement by the El Royale Corpora-

tion, and that all rights of said Jackson Diggs, or his assigns, under this option shall cease upon the date of the posting of the aforesaid notice. . . .''

''. . . The consideration for this option is the exercise by the parties hereto of the Management Agreement hereinabove referred to.''

On the same day they entered into a management agreement concerning El Royale Apartments which contained among others this provision:

''This agreement between parties may be cancelled at any time by either party upon thirty days (30 days) written notice of such intention. In event that Owner elects to cancel under this provision, from the time of posting of said notice all authority and powers of the Agent shall be subject to control by Owner and shall be exercised only with the approval of Fred E. Keeler, II, representing the Owner.

''2. The Agent Agrees:

''(A) To accept and does hereby accept the management of the said premises for the period and upon the terms herein provided, and agrees to furnish adequate and competent services necesssary for the renting, operating and managing of said premises.''

On August 7, 1943, plaintiff received through the mail a letter from defendant corporation reading thus:

''Mr. Jackson Diggs                ''August 6, 1944
c/o El Royale Apartments
450 No. Rossmore
Los Angeles, California

''Dear Sir:

''This is to advise you that the El Royale Corporation does hereby notify you that it is their intention to cancel the Management Agreement between yourself and the El Royale Corporation respecting the El Royale Apartments, and you are further notified that in accordance with the terms of the Option Agreement executed in connection with the said Management Agreement, said Option does, by the posting of this notice, cease and determine, and that all of your rights, or the rights of your assigns, under this option do, by the posting of this notice, thereby cease.

               ''Very truly yours,
               EL ROYALE CORPORATION
MG/rb''         By: Martin Goldman
               Attorney for El Royale Corp.''

■ This is the sole question necessary for us to determine: *Was the option agreement terminated on August 7, 1943, by the letter from defendant corporation to plaintiff dated August 6, 1943, set forth supra?*

This question must be answered in the affirmative. The agreement expressly provided that the "option shall cease and determine upon the posting of written notice of intention to cancel the aforesaid Management Agreement" by defendant corporation "and that all rights of" plaintiff "or his assigns, under this option shall cease upon the date of the posting of the aforesaid notice."

It is conceded that on August 7, 1943, plaintiff received from defendant corporation a letter through the mail reading in part as follows: "that it is" defendant corporation's "intention to cancel the Management Agreement between" plaintiff and defendant corporation respecting the El Royale Apartments, and plaintiff was notified "that in accordance with the terms of the Option Agreement, executed in connection with the said Management Agreement, said Option does, by the posting of this notice, cease and determine, and all of your rights, or the rights of your assigns, under this option do, by the posting of this notice, thereby cease."

The foregoing notice meets the exact requirements of the provision of the option contract for its termination. There is not any ambiguity in the contract and there is not any basis for a different and other construction for this provision of the agreement.

"Posting" means to place in the post office or in a letter box.

2 Webster's New International Dictionary, second edition, (1939) page 1927, defines "post" as follows:

"To dispatch by the post or mail; to place in the post office or mail box for transmittal; to mail; as, to *post* a letter."

VII Oxford English Dictionary, (1933) page 1163, III-6b, defines "post" thus:

"To send through the post office; to put (a letter, etc.) into a post office or letter-box for transmission by the post."

Funk & Wagnalls Practical Standard Dictionary, (1938) page 886, gives this definition of "post."

"To place in the post-office or in a letter-box."

Allen's Synonyms and Antonyms, (1938) page 300, defines "post" as "mail."

In view of the foregoing definitions, there can be no question that the word "posting" as used in the option agreement

meant to place in the mail. This, it is conceded, defendant corporation did with its letter of August 6, 1943.

The various authorities cited by plaintiff are factually distinguishable from the present case. None of them are in point and it will serve no useful purpose to discuss them here. A mere reading of such cases as *Penn* v. *Dyba,* 115 Cal.App. 67 [1 P.2d 461], and *Kramer* v. *Sanguinetti,* 33 Cal.App.2d 303 [91 P.2d 604], show that they are inapplicable to the facts in the present case.

In view of our conclusions it is unnecessary for us to consider other points urged by plaintiff.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

WOOD, (W. J.), J.—I dissent. The instrument executed by the parties on April 15, 1943, gave to plaintiff for a valuable consideration an option to purchase the property involved for the sum of $500,000 on or before May 1, 1944. The parties concurrently executed a management agreement giving plaintiff the management of the property, which was subject to cancellation by defendant on thirty days' notice. The option agreement is of considerable length and is printed on eight pages of the appendix to plaintiff's brief. On the fifth page there appears the statement that the ''option may be exercised . . . on or before May 1, 1944, provided, however, that the Management Agreement . . . shall not have theretofore been cancelled, it being the understanding of the parties hereto that the within option shall cease and determine upon the posting of written notice of intention to cancel the aforesaid Management Agreement. . . .'' This language was placed in the instrument by defendant's attorney. Plaintiff, who is not a lawyer, did not obtain legal advice.

An option relating to the sale and purchase of real estate is a contract by which the owner of property gives to another the exclusive right to purchase the property at a stipulated price and within a specified period. When given for a valuable consideration, as in the present case, the owner may not cancel the optionee's right to purchase during the period specified in the contract. (25 Cal.Jur. 506; *Walter G. Reese Co.* v. *House,* 162 Cal. 740 [124 P. 442].) If an instrument purporting to confer an option is cancellable at any time by the owner it lacks an essential element of an option. It is in

effect merely an offer to sell which can be withdrawn at any time before the offer is accepted. A purported option which gives the owner the right to cancel at any time permits him to eliminate the purported optionee upon the appearance of a prospective purchaser. It is claimed by plaintiff that such a purchaser appeared in the present case, whereupon notice of intention to cancel was posted, resulting, according to defendant's claims, in the termination of plaintiff's rights. Defendant conveyed the property to a third party within thirty days from the posting of notice to plaintiff.

When two or more contracts are made at the same time relating to the same matters between the same parties and are parts of one transaction they are to be construed together. (Civ. Code, § 1642.) It is manifest from a reading of the option agreement and the management agreement that it was the intention of the parties that plaintiff should have a real option to purchase. The agreements did not constitute a mere offer to sell, revocable at any time before acceptance. This view is supported by several well established rules of construction, which, in my opinion, are applicable to the case and which compel a reversal of the judgment. A contract must be so interpreted as to give effect to the intention of the parties. If the terms of a promise are in any respect uncertain the contract must be interpreted in the sense in which the promisor believed at the time of making it that the promisee understood it. Particular clauses of a contract are subordinate to its general intent. (Civ. Code, §§ 1649, 1650.) Repugnant clauses in a contract are subordinate to the general intent and purpose of the whole contract. Words in a contract which are wholly inconsistent with the main intention of the parties are to be rejected. In cases of uncertainty the language in a contract should be interpreted most strongly against the party who caused the uncertainty to exist. (Civ. Code, §§ 1652, 1653, 1654.) The conclusion is inescapable that the language beginning with the expression, "it being the understanding of the parties," is repugnant to the general intent of the whole contract; that the officers of defendant corporation believed at the time of the making of the contract that plaintiff understood he was to have an option cancellable on thirty days' notice. The language in question was inserted by defendant's counsel and should be interpreted most strongly against defendant. In my opinion the contract of the parties should be given the construction that in accordance with the intent of the parties defendant gave to plaintiff a real and effective

option to purchase the property and did not give merely a revocable offer to sell. Defendant should not be allowed to escape its obligation.

The judgment should be reversed.

Appellant's petition for a hearing by the Supreme Court was denied February 15, 1945. Carter, J., and Schauer, J., voted for a hearing.