CRAIG v. HEIL.

No. 384.

Municipal Court of Appeals for the
District of Columbia.

June 28, 1946.

David L. Riordan, of Washington, D. C.,
for appellant.

Hyman M. Goldstein, of Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit for possession of rooming house property, based on the owner's claim that he required the premises for his personal use and occupancy as a dwelling, as authorized by the District of Columbia Emergency Rent Act.[1] Trial was by jury and resulted in verdict and judgment for plaintiff. Defendant appeals.

[1] Code 1940, §§ 45—1601, 45—1605.

At the trial defendant challenged the legality of the service of the notice to quit upon which the suit was predicated. It developed that defendant did not live in the house in question but in nearby Virginia. The landlord made several unsuccessful attempts to deliver the notice to quit to defendant personally. Finally he sent the notice by registered mail, the envelope being marked, "Deliver to Addressee Only." Defendant admitted having personally received the notice from the postman on the date shown on the registered receipt card.[2] But she contended that service was ineffectual because delivery was made by registered mail. The Code, § 45—906, provides: "Every notice to the tenant to quit shall be served upon him personally, if he can be found, and if he can not be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises."

It will be seen at once that while this language does not in terms authorize delivery or service of a notice to quit by registered mail, it does not on the other hand prohibit such service, or prescribe what person shall make the service. In construing the Code provision and in applying it to the case before us we must keep clearly in mind that we are not dealing with the service of court process but with the service or delivery of a private, preliminary notice between landlord and tenant.

■■■ We are, of course, only repeating the familiar when we say that the object of court process is to notify defendant that he is being sued, to give the court jurisdiction over his person, and to require him to appear and answer at a stated time and place. Such process can only be served as provided by statute or by rules adopted pursuant to statute,[3] and registered mail may only be employed as a means of serving process when specifically authorized by law.[4]

■■■ But a notice to quit is not process. It emanates from no court and is not part of any proceeding by which the court obtains jurisdiction over the defendant. It is simply a notice given privately from one party to another, terminating (or attempting to terminate) the landlord-tenant relationship. By itself it can never constitute any sort of adjudication; it is without judicial effect' until it is followed by a court action. Its purpose is to convey the information that the landlord (or the tenant, as the case may be) desires to terminate the tenancy. Though it is a condition precedent to the filing of suit, it is not so in a jurisdictional sense.[5] It may be waived when the tenancy is created[6] or at any later time. There is nothing in our law which requires the landlord in person to make the service. "It may be made by any person acting for the landlord. * * * The same exactness is not required in the serving of such a notice as in the serving of a summons. * * * service by any person is enough, so long as the tenant receives the notice in time to allow him the statutory period to vacate." Hardebeck v. Hamilton, 50 App.D.C. 113, 268 F. 703, 704.

■■■ Since the delivery "may be made by any person acting for the landlord" and since the statute does not prohibit the employment of registered mail for such purpose, we think it clear that the landlord had a right to select the Post Office Department as his delivering agent. To assure delivery by that agency he employed registered mail, prescribed delivery to addressee only and demanded a return receipt. That the method was effective in this case is best attested by the fact that

---

[2] The exact date of delivery is not revealed by the record, but it is conceded that it was received in ample time to give tenant the full statutory thirty days' notice.

[3] E. g. Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[4] See Code 1940, § 11—805, authorizing such service in the Small Claims Branch of the Municipal Court. See also Wise v. Herzog, 72 App.D.C. 335, 114 F.2d 486, which treats the subject exhaustively.

[5] Morris v. Breaker, D.C.Mun.App., 38 A.2d 632.

[6] Code 1940, § 45—908; H. L. Rust Co. v. Drury, 62 App.D.C. 329, 68 F.2d 167; Morris v. Breaker, supra.

the notice was promptly delivered to the defendant, as shown by her personal signature on the registered receipt card. It strikes us that personal delivery by the landlord or by some personal messenger of his could hardly have been more effective or could have better satisfied the requirement of the statute. True, he could have resorted to one of the alternative methods of substituted service prescribed in the Code: (a) by delivering the notice to some person of proper age upon the premises, or (b) in the absence of such person by posting the notice in some conspicuous place upon the property. But such service would at best have been constructive only; and we think defendant cannot complain because the landlord managed to have the notice delivered directly into her hands by the postman. It is not so much that we approve .the method as that we give effect to the result attained. We emphasize that "served upon him personally" as used in the statute means just that, and that any method which accomplishes less than that will not satisfy the requirement of personal service. Delivery by registered mail was successful in this case because, as we have said, it resulted in personal service upon the tenant.

Appellant argues that if this service is sustained, other landlords will attempt to serve such notices by ordinary mail, or even by postcard, and that great confusion and uncertainty will result. But we apprehend that landlords would hesitate to resort to such unorthodox methods, because of the practical difficulty of proving delivery and the time thereof. In this case there is no challenge of the service on either of those points.

Appellant next assigns as error the failure of the trial judge to instruct the jury as to who legally constituted plaintiff's family. But the record does not contain any tendered instruction on the point or indeed any reference as to what the trial judge did or did not tell the jury. We cannot therefore consider this alleged error.

Appellant also questions the sufficiency of the evidence to support plaintiff's claim that he required the premises for his own use and occupancy. Concerning this contention we need only say, without summarizing the evidence, that it demonstrated that plaintiff brought himself clearly within the provisions of the Rent Act and was entitled to possession.

Affirmed.