## LYNCH v. BERNSTEIN.
### No. 397.

Municipal Court of Appeals for the
District of Columbia.
July 26, 1946.

Herman Miller, of Washington, D. C.,
for appellant.

Edward A. Aaronson, of Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee brought an action against appellant for possession of a dwelling house under the District of Columbia Emergency Rent Act on the ground that he had in good faith contracted to sell the property for the immediate and personal use and occupancy as a dwelling by the purchaser. Code 1940, § 45—1605(b) (3). This appeal is brought from a judgment for possession in favor of appellee.

The principal point raised by the tenant concerns the service of the thirty-day notice to quit. It is urged that the trial court should have held as a matter of law that the notice was not served in accordance with the statute and that in any event the question of appellee's diligence in attempting to personally serve the appellant should have been left to the jury.

The evidence concerning the service of the notice to quit was undisputed and revealed the following facts: On the evening of November 30, 1945, the landlord's counsel, accompanied by his wife, drove to the premises in question, arriving there at about 10:30 p. m. He went up to the door alone, knocked several times, but received no reply. There was a light in the rear of the house. He and his wife then drove off. They returned about 11 p. m. and noticed the light still burning in the rear. He again went to the door and knocked, and again received no response. He thereupon procured a hammer and some tacks and proceeded to tack the notice to the door. A young woman came to the door while he was tacking. A discussion between them followed, but there was no testimony at the trial as to what was said. (The landlord's counsel sought to testify but the tenant's counsel objected that if he did so he could not argue the case. The wife of the landlord's counsel thereupon recited what happened but she could not hear the conversation at the door.) The young woman

closed the door and the landlord's counsel finished tacking up the notice. The tenant and his wife were out for the evening, and he found the notice on the door upon their return. He was unable to state whether he arrived home before or after midnight.

The statute covering the service of notices to quit is as follows: "Every notice to the tenant to quit shall be served upon him personally, if he can be found, and if he can not be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises." Code 1940, § 45—906.

Appellant insists that the tenant must be personally served "if he can be found"; that hence due diligence must be used to find him before substituted service may be made; and that such due diligence was not shown here.

■ In support of his position appellant relies on Thompson v. Tanner, 53 App.D.C. 3, 287 F. 980, and New York Continental Jewell Filtration Co. v. Karr, 31 App.D.C. 459. Both of these cases, however, relate to service of process and this court has pointed out recently that "a notice to quit is not process. * * * It is simply a notice given privately from one party to another terminating (or attempting to terminate) the landlord-tenant relationship."[1] "The same exactness is not required in the serving of such a notice as in the serving of a summons."[2]

■ The statute itself makes no reference to the degree of diligence that must be exercised in locating the tenant before resorting to substituted service. The section must be read in its entirety. As already indicated, it provides that if the tenant cannot be found service may be made upon a person of proper age upon the premises and that "in the absence of such tenant or person" it may be posted upon the premises.

■ The landlord's counsel had made two attempts to locate the tenant at his home in order to serve him personally. While we are inclined to the view that 10:30 p. m. is a rather late hour for such attempted service, the Code, unlike some similar statutes, does not prescribe the hours of the day within which service shall be made. In any event, an earlier call in this instance would have been equally fruitless, and probably the times selected were best calculated to prove successful. It is not unreasonable to expect to find a man at home in the evening. We conclude the statute was sufficiently complied with.

■ Furthermore, the evidence is undisputed that the tenant personally received this notice in time. By the terms of the rental agreement, this was a tenancy from month to month commencing on the first of the month. The notice provided that it "terminated" on January 1, 1946. The D.C. Code provides that a tenancy from month to month may be terminated by a thirty-day notice expiring on the day of the month from which the tenancy commenced to run.[3] Whether the tenant in this instance actually received the notice before midnight on November 30, or in the early hours of December 1, thus is immaterial. Even if the notice were received on December 1, it would run a full thirty days through December 31.[4] We are not to be understood as holding that receipt of notice constitutes a waiver of the requirements of the statute for substituted service. Such receipt, however, shows that the purpose of the statute was accomplished.

The final errors assigned relate to the trial court's refusal to grant the tenant's two motions for mistrial because of a remark made by the landlord on cross-examination and one made by his counsel during the closing argument. We have examined the record carefully and conclude that these remarks were justified and were not prejudicial to the tenant's case. It follows that the trial judge properly overruled the motions to grant a mistrial.

Affirmed.

[1] Craig v. Heil, D.C.Mun.App., 47 A.2d 871, 872.
[2] Hardebeck v. Hamilton, 50 App.D.C. 113, 268 F. 703, 704.

[3] Code 1940, § 45—902.
[4] Klein v. Miles, D.C.Mun.App., 35 A.2d 243; Young v. Baugh, D.C.Mun.App., 35 A.2d 242.