**EVANS, INC., Assignment for the Benefit of Creditors, In re.**

Probate Court, Columbiana County.

No. 52555. Decided February 10, 1959.

## OPINION

By TOBIN, J.

This matter came on to be heard on the question whether Messrs. Stillwell, Young and Spar, as salesmen for Don Evans, Inc., were (1) entitled to be preferred creditors to the extent of $300.00, or whether their claims were only that of general creditors.

2. Was the mechanic's lien on record in favor of Charles Bibbee, d. b. a. B. & B. Sanitation, a valid mechanic's lien entitling him to be a preferred creditor on his claim.

As to No. 1, the Court renders the following Decision:

Originally §11138 GC read "Each person who has performed labor as an operative (emphasis mine) in the service of the assignor, shall be entitled etc., full amount of wages due for such labor, not to exceed $300.00.'"

The decisions under this section principally Myers v. Ensign, 21 N. P. N. S. 177; decided in 1918 and Davis assignee v. Greenlees, VIIOCD 111 decided 1897 held automobile salesmen did not perform labor as an operative and thus were not preferred claims.

Sec. 1313.44 R. C., effective October 1, 1953, which was enacted when the new code was adopted, deliberately removed the words "as an operative" from this section. It is a rule of judicial interpretation of legislative acts that the Courts must arrive at the intention of the legislature and it must be assumed the legislature used the language in the statute advisedly and intelligently. 37 O. Jur. p. 504 et seq.

Also that the Legislature has a definite purpose in each and every enactment and all its provisions. 37 O. Jur. P. 656.

Under these rules it must be assumed the Legislature had a purpose in deleting the words "as an operative" from former §11138 GC, when it enacted §1313.44 R. C. The only meaning this Court can take from this change and the new statute is to enlarge on the meaning of those who furnish labor to assignor.

Herein the above parties were salesmen in an organization that sold automobiles. They were important cogs in the organization. Without them little of the assets would have been available at all for distributors. Therefore this Court states that they come within the meaning of "labor" as expressed in §1313.44 R. C., and have preferred claims up to the statutory amount of $300.00.

Coming now to the claim of preference of B. & B. Sanitation on a

Mechanic's lien. The question involved is: Was the mechanic's lien filed and recorded with the Columbiana County Ohio Recorder a valid Mechanic's lien entitling preference?

Receivers claim two fatal defects:

1. No affidavit or statement under oath showing name of every unpaid laborer and sub-contractor was ever furnished. Sec. 1311.04 R. C.

2. Proper posting of Notice under §1311.07 R. C., was not complied with.

As to the first contention of the receiver the testimony of Mr. Bibbee on Page 6 of the record states as follows:

(MR. KAPP EXAMINING MR. BIBBEE)

Q. You filed the affidavit on June 1, 1956, now, before you filed your lien, did you serve any papers?

A. No, Evans received his bill in the mail.

Q. Did you give him anything else in the mail?

A. No.

Q. Did you ever serve him after June 19, 1956?

A. I have never seen the man.

Q. Did you ever serve me with any papers?

A. No.

Q. Did you ever serve Mr. Gelbman?

A. No.

Q. Did you ever serve by registered or certified mail?

A. No.

Nowhere does this indicate a "statement under oath containing names of unpaid laborers or subcontractors" as required by §1311.04 R. C. The Court finds that there was no compliance by claimant with the requirements of §1311.04 R. C.

As to the second contention the testimony of Mr. Bibbee is as follows:

(MR. KAPP EXAMINING MR. BIBBEE)

Q. Did you post it on the door?

A. No sir, I slipped it under the door. I put it under the garage door.

Q. In Salineville?

A. Yes sir.

Sec. 1311.07 R. C., uses the language "posting in some conspicuous place." Is placing same under door sufficient? The Court believes not. The posting of the notice in a conspicuous place is to bring the matter to the attention of the owner and all other interested parties of claimant's rights. The Legislature has allowed this as a substitute for actual personal service where the owner cannot be found and its intention was that it be brought to his attention as forcibly as possible in view of his absence. Placing same under the door is not "posting in a conspicuous place."

Therefore, the Court rules that B. & B. Sanitation has a general claim but the alleged mechanic's lien is invalid as a lien because of the above stated reasons and thus does not create a preferred lien or claim.

EXCEPTIONS ALLOWED.