Helen A. MOODY and Nancy C. Brown, Appellants,

v.

WINCHESTER MANAGEMENT CORP., Appellee.

No. 7639.

District of Columbia Court of Appeals.

Argued Dec. 17, 1973.

Decided July 2, 1974.

———◆———

Roger C. Wolf, Washington, D. C., for appellants.

Dorothy Sellers, Washington, D. C., for appellee. Aubra Anthony, Washington, D. C., also filed an appearance for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

REILLY, Chief Judge:

This appeal by two tenants from a judgment for possession of the premises occupied by them on a month to month basis raises the issue of the sufficiency of service upon them of a 30 days' notice to quit.

On March 31, 1973, the resident manager of the apartment building visited the apartment of the tenants with a notice to quit expiring May 1. She knocked, but receiving no response, slipped the notice, enclosed in an envelope, under the door.[1]

Tenants contend that the notice to quit was not served in compliance with D.C. Code 1973, § 45–906:

> Every notice to the tenant to quit shall be served upon him personally, if he can be found, and if he can not be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises.

The landlord argues that its service was in substantial compliance with the statute as the tenants received actual notice in advance of the 30-day period, the statutory method for terminating a month to month tenancy. D.C.Code 1973, § 45–902.

Although such service of such notice is not jurisdictional and can be waived, in contradistinction to service of process, it is, nevertheless, a condition precedent to the landlord's suit for possession. Stoner v. Humphries, D.C.Mun.App., 87 A.2d 528, 529 (1952); Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618, 620 (1948); Craig v. Heil, D.C.Mun.App., 47 A.2d 871, 872 (1946).

While this Court has construed D.C.Code 1973, § 45–906, so as to give some degree of flexibility in effectuating service, we have never permitted a landlord to deviate from the clear requirements of the statute. Thus, in Craig v. Heil, *supra*, we held such service sufficient when effected by a postman delivering a registered letter to tenant marked "Deliver to Addressee Only," pointing out that the Code did not prescribe by whom service must be made. We observed that the words " . . . 'served upon him personally' as used in the statute means just that, and . . . any method which accomplishes less than that will not satisfy the requirements of personal service." *Id.* at 873. *See also* Hardebeck v. Hamilton, 50 App.D.C. 113, 268 F. 703 (1920).

Likewise, in Lynch v. Bernstein, D.C. Mun.App., 48 A.2d 467 (1946), we held the service sufficient where the landlord called twice at the premises the same evening and, receiving no response on either occasion, posted the notice on the door, the tenant admitting receipt. Noting that the statute made no reference to either the degree of diligence required in attempting personal service before resorting to substituted service or the hours of day within

---

1. Both tenants testified that they did not discover the notice until after March 31, but the trial court found that they did receive it on that date.

which service must be made, we approved the manner of service in that case because it was reasonably calculated to give actual notice in time. The court did point out, however, that actual receipt of the notice to quit did not "constitute a waiver of the requirements of the statute for substituted service." *Id.* at 468.

■ We may leave aside the question of diligence in attempting personal service in this case, for the statute clearly required the landlord in lieu of personal service to "post the [notice to quit] in some conspicuous place upon the leased premises." Although this portion of the statute has not previously been construed, its meaning is well settled. The term, "post," when used with reference to a notice, means ". . . to nail, attach, affix or otherwise fasten up physically and to display in a conspicuous manner . . . ." Epp v. Bowman-Biltmore Hotels Corp., 171 Misc. 338, 342, 12 N.Y.S.2d 384, 388 (1939); *accord,* Tinsley v. Majorana, 240 S.W.2d 539, 540–541 (Ky., 1951); Penn v. Dyba, 115 Cal.App. 67, 73, 1 P.2d 461, 464 (1931); Allen v. Allen, 114 Wis. 615, 623, 91 N.W. 218, 220 (1902); *cf.* Locklear v. State, 50 Ala.App. 679, 681, 282 So.2d 116, 117 (1973). Putting a notice under the door plainly does not constitute posting "in a conspicuous place." *See* In re Creditors of Don Evans, Inc., 80 Ohio L.Abs. 100, 157 N.E.2d 766 (1959); *cf.* Penn v. Dyba, *supra.* The landlord's agent here made no attempt to fasten or display the notice to quit in any manner; indeed, she left it enclosed in an envelope.

■ It must be remembered that substituted service is always less favored than delivery of the document to the tenant in person, Craig v. Heil, *supra,* 47 A.2d at 873, and that posting should be employed as a last resort, *cf.* Bell v. Tsintolas Realty Co., 139 U.S.App.D.C. 101, 104, 430 F.2d 474, 477 (1970) (construing D.C.Code 1973,

§ 16–1502). When a landlord has to fall back on this method of service, he must strictly comply with the statutory requirements.[2]

As the landlord's service of the notice to quit was defective, the tenancy was not terminated. *Cf.* Zoby v. Kosmadakes, *supra,* 61 A.2d at 621. Therefore, the judgment for possession cannot stand.

Reversed.

---

**2.** As we reverse on this ground, we have no need to consider appellants' second assignment of error, *viz.,* that the evidence was insufficient to support the judgment.