Ross PARKER, Appellant,

v.

**FRANK EMMET REAL ESTATE,**
Appellee.

No. 81–916.

District of Columbia Court of Appeals.

Argued March 31, 1982.

Decided Sept. 15, 1982.

Clay G. Guthridge, Arlington, Va., for appellant. Louise M. Tarantino, Washington, D. C., also entered an appearance for appellant.

Charles H. Acker, Washington, D. C., for appellee. Leonard C. Collins, Washington, D. C., was on the brief for appellee. William R. Kearney, Rockville, Md., also entered an appearance for appellee.

Before MACK and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

MACK, Associate Judge:

In this appeal we consider whether service of process effected by posting on an apartment door after one visit complied with the requirements of D.C.Code 1973, § 16–1502.[1] Under the circumstances of this case, we conclude that it did not and, therefore, vacate the judgment of the trial court.

### I.

Appellee initiated summary dispossession proceedings against appellant on June 18, 1981 based on nonpayment of June 1981 rent. Appellant appeared in Landlord and Tenant Court with counsel on July 9, 1981, where appellant's request for a continuance was granted until July 17. The court also issued a protective order for payment of July's rent.

On July 10, appellant served appellee with a motion for reconsideration of the protective order and a hearing on the motion was scheduled for July 17. On July 13, appellant served a motion to dismiss for insufficiency of service of process on appellee, with a hearing set for July 21. On July 17, the motion to reconsider was argued and denied, and on July 21, the motion to dismiss was argued and also denied.

Upon denial of appellant's motion to dismiss for insufficiency of service of process, appellee's motion for judgment based on failure to pay the protective order and to file an answer was granted. The court denied appellant's oral motion for a stay on the judgment pending appeal. On August 3, 1981, however, this court stayed the execution of the judgment on the condition that appellant pay his monthly rent into the registry of the court.

The primary question which this appeal raises is whether service of process upon appellant was valid. Service was made by posting a copy of the summons and complaint on the door of appellant's apartment. The special process server testified: "I knocked on the door, no one answered. I posted the summons. There were two others in the adjacent buildings that were served at the same time." Appellant argues that the trial court erred in denying appellant's motion to dismiss the complaint for insufficiency of service of process in that (1) D.C.Code 1973, § 16–1502 violates due process by permitting service by posting alone, and (2) the special process server did not make a diligent and conscientious effort to effect personal service or substituted service before posting.

■ The constitutionality of § 16–1502 was not raised in the trial court and there-

---

1. D.C.Code 1973, § 16–1502 provides, in pertinent part, that

    [i]f the defendant has left the District of Columbia, or cannot be found, the summons may be served by delivering a copy thereof to the tenant, or by leaving a copy with some person above the age of sixteen years resid-

    ing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read.

fore will not be addressed here. This court has stated that it will not review on appeal constitutional challenges which were not raised in the lower court.[2] *See Valentine v. United States,* D.C.App., 394 A.2d 1374 (1978). As the facts surrounding the service of process here are not in dispute, the issue to be resolved, then, is whether, as a matter of law, the special process server made a diligent and conscientious effort to effect personal or substituted service before posting.[3] We conclude that he did not.

## II.

As notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), personal service is the preferred form of notice. *See also Moody v. Winchester,* D.C.App., 321 A.2d 562, 564 (1974); *Craig v. Heil,* D.C.Mun.App., 47 A.2d 871, 873 (1946). Thus, while D.C.Code 1973, § 16–1502 permits posting at the tenant's premises as well as personal service and substituted service on a person residing therein above the age of sixteen, posting is

the least favored form of service and used only where attempts at personal or substituted service have failed. *See Bell v. Tsintolas Realty Co.,* 139 U.S.App.D.C. 101, 104, 430 F.2d 474, 477 (1970) (summons in a suit for possession may be served by posting only as a "last resort").

While § 16–1502 makes no mention of the degree of care which a process server must observe before he may resort to posting, *Etelson v. Andre,* D.C.Mun.App., 61 A.2d 806, 807, 808 (1948), the statute has been judicially construed to require that the server make a "diligent and conscientious effort." *Westmoreland v. Weaver Brothers Inc.,* D.C.App., 295 A.2d 506, 509 n.12 (1972); *Dewey v. Clark,* 86 U.S.App.D.C. 137, 180 F.2d 766 (1950). Such a construction is consistent with both the wording of the statute and the view of posting as a form of service available only where personal and substituted service have failed. In *Dewey v. Clark, supra* at 140, 180 F.2d at 769 (interpreting D.C.Code 1940, § 11–736, statutory predecessor to D.C.Code 1973, § 16–1502) the court emphasized that:

> Posting is to be substituted only if the defendant has left the District of Columbia or cannot be found and there is no tenant or person over the age of sixteen

---

**2.** While we do not address the constitutionality of § 16–1502 here, we note that the U. S. Supreme Court, in its recent decision in *Greene v. Lindsey,* —— U.S. ——, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982) addressed the issue of whether a first-visit posting of service of process on the doors of apartments in a public housing project afforded the tenants their due process rights. The Court held that, in the circumstances of the case, service was invalid, concluding that "[t]he failure to effect personal service on the first visit hardly suggests that the tenant has abandoned his interest in the apartment such that mere *pro forma* notice might be held constitutionally adequate." *Id.* 102 S.Ct. at 1880. This language is consistent with the Supreme Court's view in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), that "when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 70 S.Ct. at 657. The Court in *Greene* observed that "[n]either the statute, nor the practice of process servers, makes provision for even a

second attempt at personal service . . . ." *Id.,* 102 S.Ct. at 1880. As noted *infra,* however, the District of Columbia statute has been construed so as to require due diligence on the part of the process server; thus, "perfunctory efforts" by servers have been rejected. *See, e.g., Shannon & Luchs Co. v. Jones,* 109 Wash.D.L. Rptr. 2501, Dec. 8, 1981 (L&T No. 56508–81, Nov. 16, 1981).

**3.** Appellee argues that the question of what constitutes a diligent and conscientious effort is a factual one, and as such is to be determined from the "totality of circumstances." Here, appellee contends, this totality would include the knowledge of the process server that attempts in prior cases to serve the same defendant had been fruitless. (Appellee's Brief at 3–4). We disagree. Allowing a process server to use past experience to justify the manner in which he has chosen to effect service would circumvent § 16–1502 and diminish the likelihood that the party served will receive actual and timely notice of the proceedings against him.

years in possession or residing on the premises who can be found. *The absence of these conditions must be ascertained as a condition to the validity of service by posting. The process server must be diligent and conscientious.* [Emphasis added; citations omitted.]

The court in *Dewey* found service to be valid where the facts were as follows:

[T]he deputy marshal received copies of the summons for service on Friday, ... he endeavored to make service on the following day, ... by first knocking on the door of the apartment; he obtained no response, left the building and returned again on Monday, ... he repeated the procedure of knocking on the door; there was still no response; he returned for the third time and for the third time knocked on the door; there was still no response, and he then securely fastened the two copies of the summons flat against the door. [*Id.* at 128, 180 F.2d at 767.]

The court held that as the server was unable, after three visits to the premises, to effect personal service or substituted service on a person above the age of sixteen, he had exercised due diligence before resorting to posting. *Id.* at 139, 180 F.2d at 768.

Similarly, in *Etelson v. Andre, supra* at 807, the process server was held to have exercised due diligence as a matter of law where:

The marshal went to the premises at about 11:00 a. m., rang the bell several times but received no response. He went back about 1:30 and in response to his ring a maid came to the door and in reply to his inquiry stated that defendant was not at home and she did not know when he would return. Thereupon the officer told the maid he was a deputy marshal and had a paper for defendant and he asked her to take the paper and give it to defendant. The maid refused, stating she had instructions not to take any pa-

per from anyone. The marshal told her it was important that defendant get the paper and she should take it and be sure the defendant received it. The maid again refused to receive the paper and, as she began to close the door, the marshal stated he was going to tack the paper on the door and because of the wind she should take the paper before it blew away. He then tacked the paper on the door.

*See also Lynch v. Bernstein,* D.C.Mun.App., 48 A.2d 467 (1946) (service was valid where server posted on a second visit).

However, in *Shannon & Luchs Co. v. Jones,* 109 Wash.D.L.Rptr. 2501, Dec. 8, 1981 (L&T 56508–81, Nov. 16, 1981) (consolidation of nine cases involving challenges to service), the court found a lack of diligence on the part of a process server who knocked on the front door of each individual listed, waited between 45 and 60 seconds at each door without response and then posted the complaint for the particular premises on the door. *Id.* at 2501. The court concluded that the "special process server's perfunctory efforts failed to comply with the requirement that diligent and conscientious attempts be made to effect personal or substitute service before resorting to posting, as mandated by § 16–1502," adding that "the judicially construed requirement of diligence was designed to prevent the commencement of actions for possession where ... further efforts on the part of the process server could have avoided utilization of the least preferred method of effecting service of process." *Id.* at 2506 (footnote omitted).[4]

◼ We are persuaded by the rationale utilized in *Shannon & Luchs Co., supra,* especially in light of its factual similarity to the instant case. Thus, under the circumstances of this case, we cannot conclude that, as a matter of law, the efforts of the process server were diligent and conscientious.

---

4. The court added that "sanctioning the process server's actions in this case would undoubtedly contribute to a further increase of the already alarming number of cases where service is effected by posting." *Shannon & Luchs Co., supra* at 2506 n.8.

## III.

■ Appellee urges that appellant's actual receipt of service and his subsequent appearance in court was, in effect, a waiver of any defects in service of process. Indeed, in *Gordon v. William J. Davis, Inc.,* D.C.App., 270 A.2d 138 (1970), a case involving posting of a summons and complaint on a second visit, this court stated:

> Though there was a variance in the assertions of the two affidavits as to whether the process server knocked on the door, the fact remains that appellant actually received the summons and complaint, had actual knowledge of the proceeding and filed a timely answer to the complaint. In these particular circumstances, the trial court did not err in finding no genuine issue of material fact in relation to this contention and that service was valid. [*Id.* at 141 (footnote omitted)].

This language should not be construed however, to suggest that had service been found inadequate, the appellant's actual receipt of the summons and complaint cured service. Rather, actual receipt may be viewed as further supporting the validity of service which was otherwise proper. *See Lynch v. Bernstein, supra.* Moreover, appellee's argument was specifically addressed and rejected in *Morfessis v. Marvins Credit,* D.C. Mun.App., 77 A.2d 178, 179 (1950) (court below lacked jurisdiction over defendant, notwithstanding defendant's actual receipt of papers from his secretary, who was not authorized by appointment to receive service of process).[5] Similarly, in *Jones v. Brawner Co.,* D.C.App., 435 A.2d 54 (1981), this court emphasized that "[e]vidence of the tenant's actual receipt of notice is irrelevant in a case where the landlord resorts to substituted service . . . ." *Id.* at 56.

**5.** The court in *Morfessis* noted: "Appellee insists that appellant waived any defect in service of process by answering and defending on the merits after his motion to quash was overruled. This contention is without merit." *Id.* at 179 (footnote omitted). In the instant case, by questioning sufficiency of service by motion (Super.Ct.Civ.R. 12(b), applicable to the Landlord and Tenant Branch by Super. Ct. L&T R.

We conclude that service of process here was inadequate and that the trial court therefore lacked jurisdiction.[6] Accordingly, we vacate its judgment.

*Vacated.*

2), appellant made evident his unwillingness to waive any objection to the validity of service.

**6.** Appellant also attacks the issuance of a protective order over appellant's objection and entry of judgment against him for failure to file an answer and failure to pay the protective order. In light of this court's ruling, we need not address these arguments.