**Winston MURRAY and Naomi Smith, Appellants,**

v.

**Ibrahim GOODWIN, Appellee.**

**No. 00–CV–400.**

District of Columbia Court of Appeals.

Argued Jan. 29, 2002.
Decided Feb. 14, 2002.

Frederic W. Schwartz, Jr., Washington, for appellants.

Lita Rosario for appellee.

Before TERRY and GLICKMAN, Associate Judges, and FERREN, Senior Judge.

GLICKMAN, Associate Judge.

■ The dispositive question presented in this appeal is whether a landlord's complaint for possession of real estate and unpaid rent was preceded by a sufficient notice to the tenant to correct his lease violation or vacate the premises. We hold that the notice was sufficient to permit the action to proceed and, therefore, we reverse the pretrial dismissal of the complaint.

Appellants Winston Murray and Naomi Smith served notice on appellee Ibrahim Goodwin, who was living in their house located at 1602 Webster Street, N.W., that he had violated an obligation of his tenancy by not paying rent for the preceding nine months. The notice gave Goodwin thirty days to correct the claimed violation or vacate the premises. When neither of these events came to pass, appellants filed suit against Goodwin in the Landlord and Tenant Branch, seeking possession of their property and an award of overdue rent. Goodwin answered, generally denying the allegations of the complaint and counterclaiming for the value of upkeep and maintenance services he had performed.

At a pretrial hearing to determine an amount that Goodwin would deposit into the court registry for appellants' protection while the action went forward, Goodwin testified that he resided at appellants' house rent-free under an oral agreement with appellant Murray that obligated him only to pay utility costs and invest "sweat equity" to improve the property. Appellants offered no evidence at the hearing to contradict this testimony. Goodwin then orally moved to dismiss appellants' complaint, arguing that their thirty-day notice to him to correct or vacate for nonpayment of rent was insufficient in that "there was not an obligation to pay rent." *See* D.C.Code § 42–3505.01(b) (2001) (permitting a housing provider to recover possession of a rental unit if the tenant is violating an obligation of tenancy and fails to correct the violation within thirty days after receiving notice); *see also Moody v. Winchester Mgmt. Corp.,* 321 A.2d 562, 563 (D.C.1974) (stating that unless service of

statutorily required notice has been waived, it is "a condition precedent to the landlord's suit for possession") (citations omitted).

After hearing argument on the motion, the court dismissed the complaint on the ground that the landlord-tenant relationship shown by Goodwin's testimony[1] was "inconsistent with the notice to correct or vacate" in that there was no agreement to pay rent, but only a loose agreement to pay the utility bills and maintain the property.

■ We disagree with the court's analysis. Although appellants' thirty-day notice to Goodwin referred only to nonpayment of "rent," that notice was not "inconsistent" with the tenancy agreement to which Goodwin testified. The Rental Housing Act defines the term "rent" to mean "the entire amount of money, money's worth, benefit, bonus, or gratuity demanded, received, or charged by a housing provider as a condition of occupancy or use of a rental unit, its related services, and its related facilities." D.C.Code § 42–3501.03(28) (2001). This definition is broad enough that it includes the obligation Goodwin described to pay only the cost of utilities and to maintain the rental property as a condition of his continued occupancy. Thus, assuming for the sake of argument that Goodwin testified accurately concerning the terms of his agreement with appellants, the thirty-day notice that Goodwin received was sufficient to allow appellants to proceed on their complaint.

We reverse the order of dismissal, reinstate appellants' complaint, and remand for further proceedings consistent with this opinion.[2]

*So ordered.*

---

1. The court found that what Goodwin described was "not a typical tenancy but ... it is a tenancy of sorts."

2. In view of our disposition, we find it unnecessary to discuss the other arguments for reversal advanced by appellants.