**Robert RUSSELL, Appellant,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Appellee.**

**No. 02–CV–21.**

District of Columbia Court of Appeals.

Argued Nov. 6, 2003.

Decided Nov. 26, 2003.

Bernard A. Gray, Washington, DC, for appellant.

Lisa A. Jones, Washington, DC, with whom Obren V. Barnes was on the brief, for appellee.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

FARRELL, Associate Judge:

Appellant (Russell) appeals from a judgment of possession entered in favor of the Department of Housing and Urban Development (HUD). He contends that the judgment was improper because HUD made no showing that it had attempted to

serve him personally with a notice to quit, as required by D.C.Code § 42–3206 (2001) (formerly D.C.Code § 45–1406 (1981)), before posting and mailing the notice. The record before us bears out that contention; indeed, HUD acknowledges on appeal that there is no evidence that it attempted personal service, arguing instead—despite abundant authority to the contrary—that that step was not necessary to proper service. We reject that argument and therefore remand with directions to vacate the judgment of possession.

## I.

Russell has been a resident of the property in question, 3860 Halley Terrace, S.E., Apartment 101, since 1991. In 1997 or 1998 the original lender, Homeside Lending, Inc., foreclosed on the property and sued Russell individually for judgment of possession. The case settled, and Russell agreed to pay Homeside monthly rent of $400. Shortly after the settlement HUD, which had secured the mortgage on the property, paid off Homeside and accepted the property with Russell in occupancy. (Throughout these proceedings, HUD has acted through its contract agent, First Preston Management, Inc.). In October 2000, HUD attempted to have Russell execute a new lease that would have entitled HUD to evict Russell at any time upon thirty days' notice. Russell refused to execute the new lease. In May 2001, HUD served Russell with a notice to quit the premises for failing to pay $2800 in rent and refusing to execute a lease with HUD. The notice was by posting and mailing.

On June 29, 2001, HUD filed suit for possession of the apartment in which Russell lived. During a bench trial HUD called one witness, an employee of First Preston Management, Inc., who testified that Russell did not have a lease with HUD and that he was behind in his rent. Russell did not call any witnesses. The trial judge entered judgment for possession in favor of HUD.

## II.

■ Russell argues that the judgment was improper because HUD did not attempt to serve him personally with the notice to quit before posting and mailing it. At trial, when Russell's attorney raised the issue of proper service, HUD's attorney tendered an affidavit of service but conceded that "it [did] not indicate that [the process server] attempted to do anything but post [the notice to quit]." [1] On appeal, HUD's position is that because "[n]othing within the clear statutory language of § 42–3206 requires a landlord to personally serve a tenant" (Br. for Appellee at 5), posting the notice on Russell's door and then mailing it to him fulfilled the statutory requirements. As we have done before, we reject the premise of this argument. [2]

Preliminarily, we note that HUD disavows any reliance on an argument suggest-

---

1. Because the affidavit—although tendered—was not made part of the record, it is not before us and its contents cannot be evaluated. HUD implicitly concedes in its brief, however, that the affidavit did not recite that any efforts to effect personal service had been made. *See, e.g.,* Br. for Appellee at 3 ("Upon the close of HUD's case, [it] offered the Complaint for Possession and the Notice to Quit .... The Notice to Quit had been served by posting ....").

2. The ultimate question of whether HUD's service complied with the statute is one we decide *de novo. See Bingham v. Goldberg. Marchesano. Kohlman. Inc.,* 637 A.2d 81, 89 (D.C.1994). HUD does not dispute that it is bound by the service requirements of § 42–3206 when it seeks to evict a residential tenant in the District of Columbia.

ed, though tentatively, by members of this court at oral argument, *i.e.*, that Russell had "judicially admitted" receipt of the notice to quit by representations he made in his motion for a new trial. *See, e.g., Graham v. Bernstein,* 527 A.2d 736, 739 n. 5 (D.C.1987) ("*Unless* there is a judicial admission that the notices were received, which did not occur here, the statutory requirements must be met before an eviction may take place.") (Emphasis added.)[3] HUD concedes, and we take the case on that basis, that the correctness of the judgment of possession depends on whether the May 2001 notice was served in conformity with the statute. We turn to that issue.

Section 42–3206 provides:

Every notice to the tenant to quit *shall be served* in English and Spanish *upon him personally, if he can be found, and if he cannot be found* it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises. If the notice is posted on the premises, a copy of the notice shall be mailed first class U.S. mail, postage prepaid, to the premises sought to be recovered, in the name of the person known to be in possession of the premises, or if unknown, in the name of the person occupying the premises, within 3 calendar days of the date of posting. [Emphasis added.]

The statute thus establishes a mandatory rule of priority[4] requiring service of a notice to quit to be served "personally" on a tenant who "can be found," or by posting and mailing only "if he cannot be found." As long ago as *Lynch v. Bernstein,* 48 A.2d 467 (D.C.1946), we recognized that the statute requires proof of at least some "diligence" in attempting personal service before a landlord may resort to substituted service. *Id.* at 468. That is because "substituted service is always less favored than delivery of the document to the tenant in person, ... and ... posting should be employed as a last resort." *Moody v. Winchester,* 321 A.2d 562, 564 (D.C.1974) (internal citations omitted). *See also Ayers v. Landow,* 666 A.2d 51, 57 (D.C.1995); *Graham,* 527 A.2d at 737. And, in general, we have rigorously enforced "[t]he requirement that the landlord serve the notice to quit or cure in [the statutorily] specified way," *Ayers,* 666 A.2d at 57, despite the potential unfairness to landlords (or at least "small" ones) of a duty "to dot all their i's and cross all their t's with regard to the ... service of a legally sufficient notice to quit." *Id.* at 56. In *Jones v. Brawner Co.,* 435 A.2d 54 (D.C.1981), for example, evidence of the tenant's actual receipt of notice was held irrelevant, because the landlord, in slipping the notice under the tenant's door (rather than posting it), had not "strict[ly]" followed the statutory requirements. *Id.* at 56; *see also Moody,* 321 A.2d at 564 (same); *Ayers,* 666 A.2d at 57 (service of notice by mail *prior to* posting violated *Moody*'s command that "when a landlord has to fall

3. The suggestion that Russell might have judicially admitted receiving notice was based on the acknowledgment in his motion for a new trial that he had received an earlier notice to quit from HUD, one sent to him some seven months before the May notice in dispute. HUD agreed at oral argument—rightly so, we think—that the meaning of that notice, particularly given subsequent communications that

First Preston Management had with Russell, is too ambiguous to attach legal significance to Russell's admission that he received it.

4. In general, "the word 'shall' is 'a term which creates a duty, not an option.'" *Parrish v. District of Columbia,* 718 A.2d 133, 136 (D.C.1998).

back on [substituted] service, he must strictly comply with the statutory requirements") (citation and internal quotation marks omitted).

As explained, HUD placed in evidence no proof—by affidavit or otherwise—that it had attempted personal service on Russell before posting the notice and mailing it. Service of a notice to quit in the prescribed manner "is, unless waived, 'a condition precedent to [a] landlord's suit for possession.'" *Grimes v. Newsome,* 780 A.2d 1119, 1121 (D.C.2001) (quoting *Moody,* 321 A.2d at 563). Because the notice to quit was not served in the manner prescribed by the statute, HUD must begin the process of eviction again. We therefore remand the case to the Superior Court with directions to vacate the judgment of possession.

*So ordered.*