**JACK SPICER REAL ESTATE, INC., Appellant,**

v.

**Nora Bell GASSAWAY, Appellee.**

**No. 9798.**

District of Columbia Court of Appeals.

Argued Dec. 2, 1975.

Decided March 9, 1976.

11–721(a)(2)(C), which permits review of an interlocutory order "changing or affecting the possession of land."

Joseph H. Schneider, Silver Spring, Md. with whom Albert Ginsberg and Herbert D. Horowitz, Silver Spring, Md., were on the brief, for appellant.

Sherwin S. Kaplan, Legal Action Support Project, Bureau of Social Science Research, Washington, D.C., with whom Louis L. Joseph was on the brief, for appellee. Robert Beckerman, Washington, D.C., also entered an appearance for appellee.

Before KELLY, KERN and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellant, Jack Spicer Real Estate, Inc., filed suit for possession of real property occupied by Nora Bell Gassaway as a tenant at sufferance.[1] The notice to quit on which the action was based,[2] however, failed to state a permissible reason for evicting appellee Gassaway as defined in

---

1. D.C.Code 1973, § 45–820 provides:

All estates which by construction of the courts were estates from year to year at common law, as where a tenant goes into possession and pays rent without an agreement for a term, or where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like, and all verbal hireings by the month or at any specified rate per month, shall be deemed estates by sufference.

2. See D.C.Code 1973, § 45–904.

Section 10 of District of Columbia Rent Control Regulation No. 74–20, governing eviction procedures under the District's rent control program.[3] Because of this failure the trial court entered judgment for appellee after finding that Section 10 was constitutional and not in excess of the authority delegated to the then appointed District of Columbia Council by Congress under the District of Columbia Rent Control Act of 1973, D.C.Code 1975 Supp., § 45–1621 et seq. (hereinafter the Act).[4] It is urged on appeal that the trial judge erred in both holdings.[5] We disagree and affirm.

3. Section 10 provided:

(a) No tenant shall be evicted from his housing accommodation for any reason other than nonpayment of rent, unless he has been served with a notice to vacate specifying therein the reason for his eviction, and a copy of such notice has been served upon the Commission.

(b) No tenant shall be evicted from his housing accommodation, notwithstanding the expiration of his lease, so long as the tenant continues to pay rent to which the landlord is entitled, unless:

(1) The tenant is violating an obligation of his tenancy, and fails, within thirty days after receiving notice thereof from the landlord, to correct such violation.

(2) An illegal act has been performed in the accommodation as determined by a court of competent jurisdiction.

(3) The landlord seeks in good faith to recover possession of the housing accommodation for his immediate and personal use and occupancy. It shall be unlawful for the owner of such premises or his agent to demand or receive rent for the premises for at least six months after recovering; or

(4) The landlord has in good faith contracted in writing to sell the accommodation for immediate and personal use and occupancy as a dwelling by the purchaser for at least six months after recovery, during which period it shall be unlawful for the purchaser of such premises or his agent to demand or receive any rent therefor. The landlord, at the time he offers the accommodation for sale, shall so notify the tenant in writing.

(5) The landlord seeks in good faith to recover possession for the immediate purpose of making alterations or renovations which cannot safely or reasonably be accomplished while the accommodation is occupied or for the immediate purpose of demolishing the accommodation and replacing it with new construction, provided that the plans for the alteration or new construction have been filed with and approved by the Commissioner of the District of Columbia or his appropriate agent. When the landlord seeks to recover repossession under this subsection for the purpose of initiating substantial rehabilitation of the accommo-

dation, he shall be subject to the provisions of Section 12(b) of this regulation. If, however, the landlord seeks to recover possession in order to make repairs which are necessary to bring the premises into compliance with District of Columbia Housing Regulations, the tenant shall have an absolute right to repossession immediately upon completion of the repairs, at the same rent and under the same obligations; or

(6) The landlord seeks in good faith to recover possession for the immediate purpose of discontinuing the housing use and occupancy for a continuous period of not less than six months, during which period, commencing on the date possession is recovered under this subsection, it shall be unlawful for the landlord of such housing accommodation or his agent to demand or receive rent for the same. Where the landlord seeks to recover repossession under this subsection for the purpose of initiating substantial rehabilitation of the accommodation, he shall be subject to the provisions and requirements of Section 12 (b) of this regulation.

4. The rent control regulations which are the subject of this appeal were repealed by the Council effective November 1, 1975, pursuant to its newly acquired authority under the District of Columbia Self-Government and Governmental Reorganization Act, D.C.Code 1975 Supp., § 1–121 et seq. The rent control program was reenacted by the Council as the District of Columbia Rental Accommodations Act of 1975, D.C.Law No. 1–33. Thereafter, temporary emergency regulations governing eviction control were promulgated on January 7, 1976. 22 D.C.Register 3488 (Jan. 7, 1976). The legislative history of Regulation No. 74–20 is detailed in Apartment and Office Building Ass'n of Metropolitan Washington v. Washington, D.C. App., 343 A.2d 323 (1975).

5. Appellant's alternative contention that in fact its thirty-day notice to quit complied with the requirements of Section 10 is without merit. The reason for demanding possession, as stated in the notice to quit, was the expiration of the tenant's lease. No explanation was offered for this prima facie violation of the regulation.

Appellant asserts that by eliminating the right of a landlord to evict a tenant by sufferance without stating any reason therefor in the notice to quit, the Council has created a new tenancy which has the effect of depriving the landlord of his property without due process of law. It argues in addition that Section 10 impairs the obligation of contracts in violation of U.S.Const. art. I, § 10, since it nullifies a common provision in lease agreements whereby the tenant waives the right of a thirty-day notice to quit.

As this court noted years ago in *Walsh v. Cooper,* D.C.Mun.App., 31 A.2d 883, 884 (1943), the per se constitutionality of rent control was settled in *Block v. Hirsh,* 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865 (1921). There, in upholding an emergency rent control program enacted for the District of Columbia, the Supreme Court also upheld the imposition of necessarily correlative eviction controls, stating that:

If the tenant remained subject to the landlord's power to evict, the attempt to limit the landlord's demands would fail. [*Id.* at 157–58, 41 S.Ct. at 460.]

█ Thus, we view as settled that eviction controls in an emergency rent control program are constitutional.

█ Appellant asserts next that even if we acknowledge the constitutional power of Congress to enact the regulations in question, the necessary authority to do so was not delegated to the Council pursuant to the Act. It points out that Section 10 is in direct conflict with D.C.Code 1973, § 45–901 which provides that a tenant whose lease has expired may be evicted without the service of a notice to quit and § 45–904 which does not require that a notice to quit contain a reason therefor. Appellant contends that the failure of Congress to specifically authorize the Council to supercede a code provision pursuant to its rent con-

trol authority belies a congressional intent to allow such a result.

We evaluate the intent of Congress in light of the purpose it sought to achieve in delegating rent control authority to the Council. *Jones v. District of Columbia,* 212 F.Supp. 438, 443 (D.D.C.1962), *aff'd,* 116 U.S.App.D.C. 301, 323 F.2d 306 (1963). In so doing, we note that the Act directed the Council to hold public hearings to determine if rent controls were needed[6] and provided that if such a determination was made, the Council was authorized "[T]o adopt such rules as it determines necessary and appropriate to regulate and stabilize rents in the District of Columbia . . . ." D.C.Code 1975 Supp. § 45–1622(a). This language strongly suggests that Congress intended to delegate to the Council its full authority to control rents. A more restricted interpretation of the statute so as to exclude the authority to promulgate eviction controls would in our judgment be warranted only if the inclusion of such authority could be regarded as contrary to the obvious purpose of the statute or absurd. *Maryland & D. C. Rifle and Pistol Ass'n, Inc. v. Washington,* 142 U.S.App.D.C. 375, 378, 442 F.2d 123, 126 (1971), quoting *Helvering v. Hammel,* 311 U.S. 504, 510–11, 61 S.Ct. 368, 85 L.Ed. 303 (1941). We consider the challenged procedures as directly serving the stated congressional objective of stabilizing rents, *see Block v. Hirsh, supra,* 256 U.S. at 157–58, 41 S.Ct. 458, and are of the opinion that since appellant has not carried its burden of showing them to be unreasonable or oppressive, their validity is established. *See Jones v. District of Columbia, supra,* at 443.

In the context of a previous rent control program enacted by Congress the court in *Myers v. H. L. Rust Co.,* 77 U.S.App.D.C. 218, 134 F.2d 417 (1943), held that conflicting sections of the District of Columbia Code must yield to more recently en-

---

6. Appellant does not challenge the adequacy of the hearings held by the Council or its findings which were upheld in *Apartment and Office Building Ass'n of Metropolitan*

*Washington v. District of Columbia,* (D.C. Superior Court Order filed June 14, 1974) 102 Wash.D.L.Rep. 1409 (July 12, 1974). This decision was not appealed.

acted rent control regulations.[7]  This principle applies with equal force where the rent control regulations are promulgated pursuant to the delegated authority of the Council.

*Affirmed.*

7.  In  this  instance,  D.C.Code  1973,  §§  45–820, –904.