Walter JONES, Appellant,

v.

BRAWNER COMPANY, Appellee.

No. 79–1236.

District of Columbia Court of Appeals.

Argued March 18, 1981.

Decided Sept. 3, 1981.

Roy L. Pearson, Jr., Washington, D. C., for appellant.

Rebecca J. Habbert, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

On April 18, 1979, appellant's landlord filed suit for possession of appellant's apartment based on alleged willful and consistent failure to pay rent promptly on the first of each month as required in the lease.[1] The landlord had served on the tenant a notice to cure this violation of the lease on October 11, 1978, and subsequently served a notice to quit for failure to cure on February 9, 1979. Both notices were slipped under the door of the tenant's apartment. The tenant contends on appeal that service of the notice to quit in this manner does not comply with the statutory requirements.

Under the Rental Housing Act of 1977,[2] a landlord may initiate eviction proceedings against a tenant who violates the obligations of his lease only after serving proper notice of that violation. D.C.Code 1980 Supp., § 45–1699.6(b)(1).[3] Thereafter, he

---

1. See Kaiser v. Rapley, D.C.App., 380 A.2d 995 (1977).

2. The Rental Housing Act of 1977 has expired and been replaced by the Rental Housing Act of 1980. See D.C. Law No. 3–340, 28 D.C.Reg. 326 (Jan. 23, 1981) (to be codified as D.C.Code § 45–1601 et seq.). The new provisions for seeking eviction and serving documents clarify some of the ambiguities of the 1977 Act. See id., §§ 501 and 905 (to be codified as D.C.Code §§ 45–1661, –1695).

3. D.C.Code 1980 Supp., § 45–1699.6(b)(1) provides:

(b) No tenant shall be evicted from a rental unit, notwithstanding the expiration of his or her lease or rental agreement, so long as he or she continues to pay the rent to which the landlord is entitled for such rental unit unless:

must serve a notice to quit as a condition precedent to a suit for possession. In regard to service of both notices, the trial judge in this case ruled only that "Plaintiff issued notice in accordance with the applicable Rental Housing Act" and granted possession to the landlord. We reverse on the grounds that the second notice, the notice to quit, must be served under the provisions of D.C.Code 1973, § 45–906,[4] not the provisions of the Rental Housing Act, and that service in this case did not comply with that statute.

At trial, the tenant denied ever having received the notice to quit, while the landlord testified that the tenant previously had admitted an actual receipt of the notice. The landlord now argues that the service requirements of the Rental Housing Act of 1977 apply to service of the notice to quit and that, under the Commission regulations promulgated pursuant to the Housing Act, service was proper and the tenant is barred from defending on the grounds of improper service.[5] The trial judge apparently shared this view, credited the landlord's testimony over that of the tenant, and ruled that

> (1) the tenant is violating an obligation of his or her tenancy and fails to correct such violation within thirty (30) days after receiving notice thereof from the landlord.

4. D.C.Code 1973, § 45–906 provides:

> *Every notice* to the tenant to quit shall be served upon him personally, if he can be found, and if he can not be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises. (Emphasis added.)

5. Documents and information required to be served under the Act must be served in compliance with D.C.Code 1980 Supp., § 45–1699.26 which provides:

> (a) Unless otherwise provided by the Commission regulations, any information or document required to be served upon any person shall be served upon that person, or the representative designated by that person or by the law to receive service of such documents. When a party has appeared through a representative of record, service shall be made upon that representative. Service upon a person may be completed by any of the following ways:

notice was properly served under the Rental Housing Act.

■ Both are in error. Service of the notice to cure required under the Rental Housing Act must be distinguished from the service requirements for a notice to quit. All "document[s] and information" required by the Rental Housing Act must be served according to its service provision. D.C.Code 1980 Supp., § 45–1699.26. *See* note 5 *supra*. The notice to cure is such a document or information explicitly mandated by the Act. It is intended to provide an additional protection for tenants to the safeguards contained in the previously enacted sections of Chapter 9, Title 45. *See Jack Spicer Real Estate, Inc. v. Gassaway*, D.C.App., 353 A.2d 288 (1976). The notice to cure is neither a substitute for nor an additional element of a notice to quit. It merely entitles the landlord, at his election and after the tenant has failed to cure or vacate in the thirty day period, to begin the eviction proceedings for which notice to quit must be served pursuant to § 45–906. Therefore, because the notice to cure is an additional document required by the Act,

> (1) by handing the document to the person, by leaving it at such person's place of business with some responsible person in charge or by leaving it at the person's usual place of residence with a person of suitable age and discretion then present therein; or
>
> (2) by telegram, when the content of the information or document is given to a telegraph company properly addressed and prepaid; or
>
> (3) by mail, or deposit with the United States Postal Service properly stamped and addressed; or
>
> (4) by any other means that is in conformity with an order of the Commission or the Rent Administrator in any proceeding.
>
> By regulation, the Commission added the following proviso to this section of the Act:
> PROVIDED, however, that notice of Show Cause hearings shall be served by the Rent Administrator by certified mail, return receipt requested. Actual receipt of service shall bar any claim of defective service except for its timeliness. [25 D.C.Reg. 2652 (Sept. 22, 1978).]
>
> Therefore, the landlord argues that by force of the proviso and his testimony that the tenant admitted receipt, his tenant is estopped from defending the suit for possession on the grounds of defective service.

and not to be equated with a notice to quit, it must be served pursuant to the service provisions of the Act, § 45–1699.26.

On the other hand, "Every notice to quit," must be served according to the requirements contained in § 45–906. The Rental Housing Act, in many instances, incorporates additional safeguards into the notice to quit (such as requirements that the notice to quit contain additional information or be served more than thirty days before the date on which the landlord will take possession).[6] Nevertheless, the notice to quit must still be served according to the clear dictates of § 45–906. In contrast, the notice to cure is a separate and distinct document entirely.

Since the service requirements of D.C.Code 1973, § 45–906, apply in this case, we hold that the method of substituted service employed here is not authorized and any evidence of actual receipt is ineffective to fulfill the requirements of the statute. In *Moody v. Winchester Management Corp.*, D.C.App., 321 A.2d 562 (1974), we specifically held that substituted service under § 45–906 may not be accomplished by sliding the notice under a tenant's door. Evidence of the tenant's actual receipt of notice is irrelevant in a case where the landlord resorts to substituted service under the statute. *See id.* at 563 n.1. The requirement of strict compliance for substituted

service obviates some of the practical difficulties of proving delivery. A landlord's evidence of the tenant's actual receipt—as distinguished from a tenant's judicial admission of receipt—does not constitute a waiver of the statutory requirements for substituted service. *Id.* at 564; *Craig v. Heil*, D.C.Mun.App., 47 A.2d 871, 872–73 (1946); *Morris v. Breaker*, D.C.Mun.App., 38 A.2d 632 (1944).

The landlord counters by arguing that the service provisions of the Rental Housing Act take precedence over the previously enacted provision of § 45–906. In support of this argument, appellant is correct in pointing out that in *Jack Spicer Real Estate, supra*, at 291–92, we held that the notice provision of Section 10 of District of Columbia Rent Control Regulation No. 74–20[7] took precedence over the service requirements of § 45–904.[8] However, in that case the regulation took precedence only to the extent that a statement of the reason for eviction must accompany the notice to quit. Explicitly, the provisions of the regulation did not supplant the notice requirements specified in the previously enacted § 45–906. *Id.* at 289 n.2. The two were to be read harmoniously.

The eviction protections contained in the Rental Housing Act, Chapter 16, Title 45 of the D.C.Code, supplement those contained in Chapter 9. Therefore, service of a notice

---

**6.** For example, the 1980 Rental Housing Act contains the following requirements: (1) ninety day notice to quit when a court has determined that the tenant has performed an illegal act on the premises; (2) ninety day notice to quit when the landlord is seeking possession of the property for personal use; (3) one hundred twenty day notice to quit before the landlord obtains possession for the purpose of making alterations or renovations.

Furthermore, all notices to quit must contain a statement of the reasons for eviction, a statement of registration with the Rent Administrator, and the registration number of the accommodations. *See* Rental Housing Act of 1980, D.C.Law No. 3–340, Sec. 501, 28 D.C.Reg. 326, 357 (Jan. 23, 1981) (to be codified as D.C.Code § 45–1661).

**7.** Subsection (a) of that regulation provided: No tenant shall be evicted from his housing accommodation for any reason other than

nonpayment of rent, unless he has been served with a notice to vacate specifying therein the reason for his eviction, and a copy of such notice has been served on the Commission.

**8.** D.C.Code 1973, § 45–904 provides:
A tenancy by sufferance may be terminated at any time by a notice in writing from the landlord to the tenant to quit the premises leased, or by such notice from the tenant to the landlord of his intention to quit on the 30th day after the day of the service of the notice. If such notice expires before any periodical installment of rent falls due, according to the terms of the tenancy, the landlord shall be entitled to a proportionate part of such installment to the date fixed for quitting the premises.

to quit must still comply with the service requirements of D.C.Code 1973, § 45–906, while also complying with applicable time and content requirements of the Rental Housing Act. The judgment for possession cannot stand.[9]

*Reversed.*

9. Since the landlord may not maintain suit for possession on the strength of this notice to quit, we need not consider the tenant's other claims regarding the right to trial by jury and the sufficiency of the trial judge's findings of fact and conclusions of law.