**Rosalind H. COOLEY, Appellant,**

v.

**SUITLAND PARKWAY OVERLOOK TENANTS' ASSOCIATION,**
**Appellee.**

**No. 82–296.**

District of Columbia Court of Appeals.

Submitted Nov. 23, 1982.

Decided April 28, 1983.

Richard C. Deering, Washington, D.C., was on brief for appellant.

Deena P. Rabinowicz, Washington, D.C., was on brief for appellee.

Before NEWMAN, Chief Judge, TERRY, Associate Judge, and KELLY, Associate Judge, Retired.*

TERRY, Associate Judge:

In this case we must decide whether a landlord who seeks to evict a tenant for violation of an obligation under the tenancy must give the tenant a notice to quit under D.C.Code § 45–1406 (1981), in addition to a notice to cure or vacate under D.C.Code § 45–1561(b) (1981). We hold that in light of a recent change in the law embodied in section 45–1561(b), no additional notice to quit under section 45–1406 is required.

On October 30, 1981, appellant was personally served with a "Notice to Correct Violations of Obligations of Tenancy or Vacate." The notice declared that appellant was violating a condition of her lease by having "persons different from those identified in . . . [her rental] application and persons other than [her] family" living in her apartment. The notice further stated that if she failed to correct this violation within thirty days or thereafter vacate the apartment, a suit for possession would be brought against her.

When appellant did not correct the alleged violation within thirty days and did not vacate the apartment, appellee, through its managing agent, filed a complaint for possession. At the conclusion of the trial which followed, appellee was awarded possession of the premises. No additional notice to quit, other than that contained in the October 30 notice, was ever given to appellant.

D.C.Code § 45–1561(b) (1981), which was enacted as part of the Rental Housing Act of 1980, provides:

*Judge Kelly was an Associate Judge of the court at the time this case was submitted. Her status changed to Associate Judge, Retired, on March 31, 1983.

A landlord may recover possession of a rental unit where the tenant is violating an obligation of his or her tenancy and fails to correct such violation within 30 days after receiving from the landlord a *notice to correct such violation or vacate.* [Emphasis added.]

Appellant argues that despite the clarity of this statutory language, our decision in *Jones v. Brawner Co.,* 435 A.2d 54 (D.C. 1981), requires that in addition to the notice to cure or vacate which she received, appellee should have also served her with a notice to quit under D.C.Code § 45–1406 (1981). We do not agree.

In *Jones* the landlord served the tenant with a notice to cure a violation of the lease (failure to pay rent promptly) and subsequently with a notice to quit for failure to cure. Both notices were slipped under the door of the tenant's apartment. The notice to cure was given under D.C.Code § 45–1699.6(b)(1) (1980 Supp.),[1] the predecessor of D.C.Code § 45–1561(b) (1981). The notice to quit, however, was given under D.C. Code § 45–906 (1973), now D.C.Code § 45–1406 (1981). We reversed the trial court's grant of possession to the landlord on the ground that the notice to quit had to be served under the provisions of D.C.Code § 45–906 (1973), not D.C.Code § 45–1699.-6(b)(1) (1980 Supp.), and that the service in that case had not complied with section 45–906. *See* 435 A.2d at 55.

Appellant reads *Jones* to say that, as a rule, a tenant must first be served with a notice to cure and then a separate notice to quit before eviction proceedings may be brought under the provisions of the Rental Housing Act. Whether this is a proper interpretation of *Jones* we need not decide. The 1980 Act, as opposed to its 1977 predecessor, makes it explicitly clear that a notice to cure or vacate is all that a landlord is required to give to a tenant before filing

1. This section was a part of the Rental Housing Act of 1977. When that Act expired, it was replaced by the Rental Housing Act of 1980, under which notice was given in the instant case.

suit for possession based on a tenant's failure to correct a violation of the tenancy.[2]

The predecessor to D.C.Code § 45–1651(b) (1981) was D.C.Code § 45–1699.-6(b)(1) (1980 Supp.), which provided in part:

No tenant shall be evicted from a rental unit, notwithstanding the expiration of his or her lease or rental agreement, so long as he or she continues to pay the rent to which the landlord is entitled for such rental unit unless:

(1) the tenant is violating an obligation of his or her tenancy and fails to correct such violation within thirty (30) days after receiving *notice thereof* from the landlord .... [Emphasis added.]

Appellant, of course, recognizes that the words "notice thereof" (*i.e.*, notice to correct the violation) were superseded by "notice to correct such violation or vacate" when the City Council enacted the Rental Housing Act of 1980. She vigorously contends, however, that the addition of the words "or vacate" was not an intentional change designed to require that a landlord issue only one notice. We reject this contention because "a change in legislative language gives rise to the presumption that a change was intended in legislative result." *United States v. Brown*, 422 A.2d 1281, 1284 (D.C.1980) (citation omitted). Appellant has offered us nothing persuasive to rebut that presumption.[3]

In short, D.C.Code § 45–1561(b) (1981) makes clear that a single notice to cure or vacate is all that a tenant is entitled to receive before a suit to recover possession may be brought by his or her landlord *for a violation of the tenancy*. To the extent that it could be argued under the 1977 Act that a separate notice to quit had to be given after a notice to cure before a landlord could bring such a suit, the 1980 Act disposes of this argument by expressly merging both notice requirements into one.

*Affirmed.*

---

2. The Rental Housing Act of 1980 was in effect at the time that *Jones* was decided. The complaint in the *Jones* case, however, had been filed at a time when the Rental Housing Act of 1977 was still in force, and thus the 1977 Act determined the result. We recognized in *Jones* that "[t]he new provisions for seeking eviction *and* serving documents clarify some of the ambiguities of the 1977 Act." 435 A.2d at 54 n. 2.

3. "If the statutory language is clear, it is ordinarily conclusive." *United States v. Clark*, 454 U.S. 555, 560, 102 S.Ct. 805, 809, 70 L.Ed.2d 768 (1982) (citation omitted), quoted in *Mulky v. United States*, 451 A.2d 855, 856 (D.C.1982).