Fred N. GRIMES, Jr., and Frances Grimes, Appellants,

v.

Thelma NEWSOME, Appellee.

No. 00–CV–115.

District of Columbia Court of Appeals.

Argued Jan. 4, 2001.

Decided Sept. 13, 2001.

Bernard A. Gray, Sr., Washington, DC, for appellants.

Donald A. Clower, for appellee.

Before TERRY and REID, Associate Judges, and KING, Senior Judge.

TERRY, Associate Judge:

Appellants, Fred and Frances Grimes, appeal from a judgment granting possession of a leased house to appellee, Thelma Newsome. Appellants, as tenants under the lease, repeatedly failed to pay their rent on time. As a result, Ms. Newsome, appellants' landlord, served them with a "30 day notice to correct or vacate," pursuant to D.C.Code § 45–2551(b) (1996). When appellants failed to cure their late payments of the rent within the thirty-day period, Ms. Newsome filed a complaint against Mr. and Mrs. Grimes in the Landlord and Tenant Branch of the Superior Court. In due course, after a non-jury trial, the court entered a judgment of possession in favor of Ms. Newsome. On appeal from that judgment, appellants assert that the trial court erred in ruling (1) that the notice to correct or vacate was valid and (2) that they received adequate notice of their violations. We affirm.

## I

Ms. Newsome owns a single-family house on Channing Street, N.E., in the District of Columbia. On August 8, 1997, Mr. and Mrs. Grimes entered into a one-year lease to rent this house from Ms. Newsome. When the lease expired on August 31, 1998, Mr. and Mrs. Grimes remained in possession as month-to-month tenants, pursuant to paragraph 29(h) of the lease.[1]

During the tenancy, appellants repeatedly failed to pay their rent on time, as required by the lease; consequently, Ms. Newsome filed suit in September 1998 for possession of the property. Later, however, she agreed to dismiss her complaint in return for Mr. Grimes' promise to make immediate payment on the back rent that was due and owing.

Months passed, and appellants resumed their habit of not paying their rent on time; sometimes they did not pay it at all. Accordingly, on July 26, 1999, Ms. Newsome served another notice to correct or vacate. This notice listed, as violations of

---

1. Paragraph 29 of the lease reads as follows:
 The provisions of this paragraph shall survive the termination of this lease;
 \* \* \* \* \*
 (h) that after the expiration of the term of this agreement, if the Tenant remains in possession, the tenancy shall be deemed to be a monthly tenancy and the Tenant hereby agrees to pay same monthly rental thereafter as due during the last month of the term of this agreement or such increased monthly rental for which Landlord or Agent from time to time has provided to Tenant not less than thirty (30) days written notice in advance of the rental due date.... It is agreed that the monthly tenancy created

 can be terminated by either party giving the other party not less than a full thirty (30) days written notice to expire on the day of the month from which the tenancy commenced to run.
 The last sentence is consistent with D.C.Code § 45–1402 (1996), which provides:
 A tenancy from month to month, or from quarter to quarter, may be terminated by a 30 days notice in writing from the landlord to the tenant to quit, or by such a notice from the tenant to the landlord of his intention to quit, said notice to expire, in either case, on the day of the month from which such tenancy commenced to run.

the lease, "Nonpayment of rent $2,400.00 [and] consistent late payments of rent. . . ." The notice further stated:

> By reason of the foregoing, in the event you do not cure within the thirty (30) day period, this letter shall be deemed to be your notice to Quit and Vacate, and you are hereby notified that the housing provider desires to have and gain possess [*sic* ] of the premises occupied by you, as set forth above, no later than midnight August 26, 1999.

On September 20, 1999, appellants paid Ms. Newsome $4,800.00 to cover four months of rent, including the two months of back rent listed in the notice.

Ms. Newsome filed a new complaint in the Landlord and Tenant Branch on November 24, 1999, seeking possession of the house. After a non-jury trial, the court ruled that the notice to correct or vacate was "sufficient to put the defendants on notice as to what the violation was; it was non-payment of rent and consistent late payments of rent in violation of the lease." In addition, the court held that despite an earlier ruling by another judge that the Spanish translation of the notice was inaccurate, the notice was still valid because appellants were "not a part of that . . . protected class of people . . . whom that requirement was designed to benefit." [2] A judgment of possession was entered the same day.

On February 3, 2000, appellants filed a notice of appeal from the judgment. Five days later, on February 8, Ms. Newsome obtained the first of three writs of restitution by which she sought to gain possession of the property. This court initially granted appellants' motion to stay the writ, contingent on their continued payment of the rent into the registry of the court. However, when appellants failed yet again to pay the rent, we vacated the stay, and appellants were evicted from the Channing Street house on April 28, 2000.

## II

Because the date stated in the notice, by which they had to correct their violations of the lease or else vacate the premises, was wrong, appellants contend that the notice itself was invalid and that the complaint based on it should have been dismissed. Appellants also maintain that the notice was inadequate because it failed to "specify what actions need to be taken by the tenant to avoid an eviction," as required by 14 DCMR § 4301.2 (1991). [3]

In the District of Columbia, service of a notice to quit is, unless waived, "a condition precedent to [a] landlord's suit for possession." *Moody v. Winchester Management Corp.,* 321 A.2d 562, 563 (D.C.1974) (citations omitted). Appellants claim that the notice they received was invalid because it did not give them sufficient time to correct their violations of the lease or to vacate. The notice, which was issued and served on July 26, 1999, stated that appellants had until August 26, 1999, to correct the violations—*i.e.,* to pay their overdue rent.

Under paragraph 29 of the lease, appellants were month-to-month tenants after their initial one-year lease expired on August 31, 1998. Paragraph 29 provided that "the monthly tenancy created [could] be terminated by either party giving the other party not less than a full thirty (30)

---

2. Mr. Grimes acknowledged that he did not speak Spanish and therefore did not rely on the inaccurate Spanish translation.

3. 14 DCMR § 4301.2 states:

> The notice shall provide at least thirty (30) days for correction of the violation and shall specify what actions need to be taken by the tenant to avoid an eviction.

days written notice to expire on the day of the month from which the tenancy commenced to run." The notice also cited D.C.Code § 45–2551(b), which similarly provides:

> A [landlord] may recover possession of a rental unit where the tenant is violating an obligation of tenancy and fails to correct the violation within 30 days after receiving from the [landlord] a notice to correct the violation or vacate.

In construing section 45–2551(b), this court has held:

> [T]he cure period [for a failure to pay rent on time] "will expire, not thirty days after the notice is received, but rather on the first day of the rental period immediately following the lapse of the thirty day notice period which commences on receipt of the notice."

*Cormier v. McRae*, 609 A.2d 676, 681 (D.C. 1992) (quoting *Pritch v. Henry*, 543 A.2d 808, 812 (D.C.1988)). Thus, under both D.C.Code § 45–2551(b) and the terms of the lease, a notice to correct or vacate is deemed to expire at the beginning of the first rental period following the passage of thirty days.

 In preparing the notice, Ms. Newsome erred when she stated that appellants must cure their violations by August 26. The thirty-day period within which to cure or vacate expired not on August 26, as the notice said, but rather on September 1. But this error did not make the notice invalid *per se*, as appellants contend; instead, it had the effect of extending the time within which appellants must pay their back rent. Appellants had more than sufficient actual notice to correct their violations of the lease or vacate by September 1. *See Cormier*, 609 A.2d at 682 (holding that tenant had received "more than 30 days" to correct violations of the lease, when the notice was served on February 27 and the complaint was filed on April 4). In the instant case, the complaint was not filed until November 24, 1999, and by that date more than thirty days had passed since appellants were served with the notice. The complaint would have been invalid if it had been filed between August 26 and September 1, *see Pritch*, 543 A.2d at 812, but since it was not filed until almost three months after September 1, it was entirely valid. Moreover, appellants admit that they did not pay the back rent, as detailed in the notice, until September 20. Thus, even if Ms. Newsome had put the correct date (September 1) in the notice, appellants would not have corrected the violation of the lease in time.[4]

 Appellants also argue that the notice was inadequate under 14 DCMR § 4301.2 because it did not specify what actions they needed to take in order to avoid an eviction. We disagree. The notice specifically stated that appellants had violated their obligations under the lease by their "[n]onpayment of rent $2,400.00 [and] consistent late payments of rent...." Appellants' tardy payment and non-payment of the rent were clear violations of the lease. The notice they received, like the notice in *Pritch*, expressly

---

4. Appellants further argue, as they did in the trial court, that the notice was invalid because the Spanish translation of the notice was inaccurate. *See Ontell v. Capitol Hill E.W. Limited Partnership*, 527 A.2d 1292 (D.C.1987). However, we held in *Ontell*, as the trial court held in this case, that a tenant suffered no prejudice from an inaccurate Spanish translation because "he was conversant with English, but not with Spanish." *Id.* at 1293. When a tenant does not speak Spanish, "failure to give the statutorily required notice in Spanish [does] not render the notice ineffective." *Id.*

We express no view concerning the accuracy of the Spanish translation.

stated that if appellants failed to cure their violations of the lease within thirty days, the notice "shall be deemed your notice to quit and vacate...." *See Pritch,* 543 A.2d at 810. It is clear from the notice that the action required to correct the listed violations was to pay the back rent within the thirty-day period; it cannot be read any other way. We hold that the notice amply met the requirements of 14 DCMR § 4301.2.

### III

Appellants have failed to show that the notice was either invalid or inadequate. The trial court's judgment of possession is therefore

*Affirmed.*