**Charles T. LUSKEY, Appellant,**

v.

**BORGER MANAGEMENT INC., et al., Appellees.**

No. 02–CV–934.

District of Columbia Court of Appeals.

Argued Dec. 3, 2003.

Decided Feb. 15, 2007.

Ronald L. Webne, for appellant.

Nathalie Johnson–Noon, for appellee. Terence J. O'Connell, was on the brief for appellee.

Before RUIZ, Associate Judge, and FERREN and SCHWELB,* Senior Judges.

PER CURIAM:

Prior to this case, the landlord (Borger Management, Inc.) sued the tenant (Charles T. Luskey) for possession of the tenant's apartment and for nonpayment of the March rent (plus late fee and court costs). Before the matter came to trial, the tenant paid the landlord in full. The court held the trial nonetheless, at which the tenant failed to appear. The court accepted the landlord's evidence that the tenant's nonpayment reflected a pattern of late payment amounting to a breach of the covenant in the lease "to pay rent in advance and when due." The court therefore ordered a default judgment of possession for the landlord, and the tenant was forced to leave.

The tenant did not appeal the judgment. Instead, he sued the landlord for wrongful eviction—this case—contending that he had satisfied the only suit on file; that the landlord had not filed a complaint, nor was the tenant served with notice, alleging a breach of the covenant on which landlord and trial court relied; that the judgment against him thus violated due process; and that he was accordingly entitled to damages.

The landlord does not claim *res judicata* (claim preclusion) based on the tenant's decision not to appeal the judgment of possession, and thus we do not address that issue. We review on the merits and agree with the tenant. When one is sued for lease violation A, and that matter is settled before trial, one cannot be tried for lease violation B—without a complaint filed and notice served spelling it out— simply because lease violation B may exist. The landlord and trial court, however, believed that the tenant, who had been sued repeatedly for back rent, was on notice of his breach of the covenant to pay rent in advance and when due, and that the complaint for March rent (apparently implicitly) embraced that broader, alternative theory.

■ The landlord's defense premised on that theory must fail. Even if the landlord's complaint could be construed in that way (accepting the trial court's perception that the parties' interactions left each knowing full well that the landlord was relying on a pattern of nonpayment), the landlord failed to satisfy a statutory precondition to filing suit for possession. Under D.C.Code §§ 42–3505.01(a) and (b) (2001), unless the suit is for "nonpayment of rent," the landlord may not sue for possession before expiration of "a written notice to vacate ... contain[ing] a statement detailing the reasons for the eviction" and giving the tenant thirty days within which "to correct the violation or vacate." *See Mullin v. N Street Follies Ltd. P'ship,* 712 A.2d 487, 491 (D.C.1998) (citing *Cormier v. McRae,* 609 A.2d 676, 680–81 (D.C.1992)) (quoting *Cooley v. Suitland Pkwy. Overlook Tenants' Ass'n,* 460 A.2d 574, 575–76 (D.C.1983)). A suit for repeated failure to pay rent when due is a suit for breach of covenant requiring the detailed written notice specified by §§ 42–3505.01(a) and (b); it is not a simple suit

* Judge Schwelb was an Associate Judge of the court at the time of argument. His status changed to Senior Judge on June 24, 2006.

for nonpayment exempted from that requirement. *See Mullin,* 712 A.2d. at 491 (holding that "the notice provisions of the Rental Housing Act expressly do not apply" in nonpayment of rent cases); *Pritch v. Henry,* 543 A.2d 808, 811–12 (D.C.1988) (distinguishing between required length of cure period in late payment of rent cases and cases for breach of other obligations covered by the Rental Housing Act); *see also Kaiser v. Rapley,* 380 A.2d 995, 997 (D.C.1977) (recognizing difference between a claim for nonpayment of rent and claim for "a willful, calculated and consistent failure by a tenant to pay rent when due").

■ Nor can the clause stating that the lease itself "shall serve as a notice to quit" in the event of failure to pay timely rent survive the statutory mandate for the detailed written, thirty-day notice required by § 42–3505.01. *Compare* notice provision in Rental Housing Act, D.C.Code § 42–3505.01(a) (providing that *"no* tenant shall be evicted from a rental unit for any reason other than for nonpayment of rent *unless* the tenant has been served with a written notice to vacate which meets the requirements of this section") (emphasis added) *with* codification of common law in D.C.Code § 42–3208 (2001) ("Nothing herein contained shall be construed as preventing the parties to a lease, by agreement in writing, from substituting a longer or shorter notice to quit . . . *or to waive all such notice."*) (emphasis added).

Without doubt, the landlord never served the required, detailed notice on the tenant, and thus his alternative theory of recovery, underlying the trial court's judgment, fails in defense of the tenant's wrongful eviction action. *See Mendes v. Johnson,* 389 A.2d 781, 787 (D.C.1978) (en banc) ("A tenant has a right not to have his or her possession interfered with except by lawful process, and violation of that right gives rise to a cause of action in tort.") overruled in separate part by *Davis v. Moore,* 772 A.2d 204, 209 (D.C.2001) (en banc).

*Reversed and remanded.*

SCHWELB, Senior Judge, concurring in the judgment:

I concur in the judgment, for I agree that the landlord's complaint in the action for possession alleged only that the tenant had failed to pay a single month's rent, and nothing more. The tenant thus had no notice of any other claim, and the judgment in the landlord's favor, based on a claim that was not before the trial court, was erroneous. As the per curiam opinion suggests, the trial court and the landlord were in error in asserting that any claim other than the one alleged in the landlord's complaint could support the judgment for possession. Accordingly, we must reverse the summary judgment in the landlord's favor.

I am unable, however, to join the latter part of the per curiam opinion, which accepts, *arguendo,* the trial court's erroneous reading of the complaint, and which suggests an alternative ground for reversal. This is so because (1) in my opinion, that part of the opinion is unnecessary to our disposition of the appeal; and (2) the statutory provisions on which the court relies were not cited in the briefs or otherwise raised or addressed by the parties, either in this court or in the trial court. Difficult issues should not be decided without the adversarial crossing of swords.