**Michelle R. BONNER, Appellant,**

v.

**Antoinette PETERSON, Appellee.**

No. 07–CV–1401.

District of Columbia Court of Appeals.

Submitted Dec. 4, 2008.

Decided Feb. 26, 2009.

Michelle R. Bonner, filed a brief, pro se.

No appearance or brief filed for appellee.

Before KING, FERREN, and NEBEKER, Senior Judges.

NEBEKER, Senior Judge:

Appellant Michelle R. Bonner (Landlord) appeals from the trial court's dismissal of her complaint for nonredeemable possession of a house she leased to appellee Antoinette Peterson (Tenant). We find no error and affirm.

Landlord and Tenant entered into a month-to-month rental agreement for a home in Northeast Washington, D.C., in July of 2004. The tenancy agreement provided that rent was due on the first of each month and contained an express waiver of notice to quit. Both parties signed the agreement and initialed each page.

Tenant failed to pay rent for three months in the summer of 2005. Landlord filed suit for nonpayment of rent and the parties negotiated a consent judgment whereby Tenant was able to redeem the property. Tenant then failed to pay rent for four months in the spring and summer of 2007. Landlord again filed suit for nonpayment of rent and obtained a judgment. Tenant redeemed the property once more. When Tenant failed to pay rent on October 1, 2007, Landlord filed the instant suit, alleging that Tenant's failure to pay rent was continuous and willful, thus amounting to a violation of an obligation of tenancy that, if proven, would entitle Landlord to nonredeemable possession of the property. *See Kaiser v. Rapley,* 380 A.2d 995, 997–98 (D.C.1977) (tenant not entitled to equitable redemption for willful, deliberate, or intentional default). At trial on December 17, 2007, Judge Ronna Beck dismissed the case because notice to correct the violation had not been served upon the tenant. Landlord timely filed this appeal.

■ While Landlord correctly notes that service of a notice to quit may be

waived under D.C.Code § 42–3208 (2001), the District of Columbia Code does not contain an analogous provision allowing for waiver of a notice to cure. To the contrary, the Rental Housing Act specifies that "[a] housing provider may recover possession of a rental unit where the tenant is violating an obligation of tenancy and fails to correct the violation within 30 days after receiving from the housing provider a notice to correct the violation or vacate." D.C.Code § 42–3505.01(b); 14 DCMR § 4301.1 (to recover rental unit because tenant is violating an obligation of tenancy, "housing provider shall first serve tenant with a notice to correct the violation or to vacate"). Landlord did not serve a notice to cure as is required by the statute, and thus the trial court did not err in dismissing the action.

■ Accordingly, our current statutory scheme requires Landlord to serve a notice to cure for a violation that seems incurable. A tenant's nonpayment of rent becomes a violation of an obligation of tenancy—and not curable by tender of the overdue sum—when it can be shown to be a "willful and consistent course of conduct." *Suggs v. Lakritz Adler Mgmt., L.L.C.,* 933 A.2d 795, 799 (D.C.2007). Yet once a habitual course of nonpayment exists, we are unsure how a tenant could ever, as a matter of law, correct the violation. As *Suggs, supra,* and *Kaiser, supra,* make clear, a tender of all rent due will not cure this violation. In cases such as these, at least until the Council of the District of Columbia addresses this situation, the best a trial court can do is determine whether, under the particular circumstances, the tenant has effectively cured his or her failure to pay rent in accordance with the principles outlined in this court's recent decision in *Borger*

*Mgmt., Inc. v. Nelson–Lee,* 959 A.2d 694 (D.C.2008).

*Affirmed.*